IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT PORTER and KATHERINE PORTER, Individually, and as Parents and Natural Guardians of ROBERT T. "Bo" PORTER, A Minor,<br><br>      Plaintiffs,<br>v.<br><br>SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE, and PFIZER, INC.,<br><br>      Defendants. | )<br>) CASE NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

To: Judges of the United States District Court
   For the Eastern District of Pennsylvania

Defendant Pfizer Inc ("Pfizer"), by its undersigned attorneys, hereby gives notice of its removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to the United States District Court for the Eastern District of Pennsylvania. As grounds for removal, Pfizer states as follows:

## NATURE OF THE ACTION

1. Plaintiffs originally filed this case in the Philadelphia Court of Common Pleas on November 19, 2007, against Defendant SmithKline Beecham Corporation ("SKB") only, alleging that Plaintiff Robert Porter (the "Minor Plaintiff") developed birth defects due to use of SKB's prescription antidepressant Paxil by Katherine Porter (the "Mother Plaintiff") during her pregnancy with the Minor Plaintiff. (*See* Pls.' Mot. to Amend at SC64.)[1]

2. Almost five years later, on May 3, 2012, Plaintiffs moved for leave to amend their Complaint to assert claims against Pfizer as well as SKB, claiming that the alleged birth defects

---

[1] "SC__" refers to the page number of the record of state-court proceedings, which is attached hereto as Exhibit A.

were also due to the Mother Plaintiff's use of Zoloft, another prescription antidepressant. (*Id.*) SKB opposed the motion to amend, explaining that Plaintiffs' counsel had previously represented that they would dismiss SKB based on their discovery that the Mother Plaintiff had not ingested Paxil during her pregnancy but had rather ingested a generic product not manufactured by SKB. (*See* SKB Opp. to Mot. to Am. at SC177.) The Court of Common Pleas granted Plaintiffs' motion to amend, but required Plaintiffs to produce documentary evidence that the Mother Plaintiff was in fact prescribed Paxil during pregnancy. (*See* Order, *Porter v. GlaxoSmithKline*, No. 12050436 (Phila. Ct. Com. Pleas June 5, 2012), at SC180.)

3. On June 15, 2012, Plaintiffs filed an amended complaint against SKB and Pfizer, attaching the Mother Plaintiff's pharmacy and medical records per the order of the Court of Common Pleas. However, the attached records failed to meet the standard required to establish a colorable claim against SKB. (Am. Compl., Ex. A, SC242-48.) To the contrary, those records – which, based on the print date, were available to Plaintiffs no later than August 2007 – confirmed that the Mother Plaintiff did not ingest Paxil at all during her pregnancy. (*See id.*) SKB accordingly moved to dismiss. (SKB Mot. to Dismiss. at SC254-62.) Plaintiffs served Pfizer with the Amended Complaint on June 22, 2012. (SC249.)

4. Based on these facts, federal jurisdiction in this case is now proper under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiffs, who are citizens of Ohio, and Defendants, who are citizens of Delaware and New York. Removal is timely under the equitable exception to the one-year rule because Plaintiffs have improperly attempted to avoid federal court by disguising this new action against Pfizer as merely a continuation of their original, meritless action against SKB, against whom Plaintiffs have no colorable claim. Accordingly, for the reasons set forth below, Pfizer now removes this action to federal court.[2]

---

[2] This is one of a number of similar cases filed in courts around the country involving plaintiffs alleging birth defect injuries as the result of maternal use of Zoloft. On April 17, 2012, the Judicial Panel on Multidistrict Litigation issued a Transfer Order that established MDL No. 2342, *In re: Zoloft (Sertraline Hydrochlorinde) Products Liability Litigation*, before Judge Cynthia M. Rufe in the United
(cont'd)

## AMOUNT IN CONTROVERSY

5.  The amount in controversy in this action, exclusive of interest and costs, exceeds $75,000. Plaintiffs allege that the damages in this action exceed $50,000. (Long Form Compl. ¶ 16, SC189.) It is apparent from the face of the complaint, and the serious injuries alleged, that the amount in controversy in this action exceeds $75,000. Plaintiffs allege that the Minor Plaintiff "suffers from physical injuries, some or all of which are permanent and/or may be fatal." (*Id.* ¶ 47, SC198.) Plaintiffs also seek damages for past and future medical care and for lost wages and lost earning capacity. (*Id.*) Further, in addition to the demand for compensatory damages in excess of $50,000, Plaintiffs seek punitive damages. (*Id.* ¶¶ 174-83, SC231-33.) Where, as here, plaintiffs allege that they suffered serious bodily injuries, courts have readily found that the amount-in-controversy requirement is satisfied. *See, e.g., Howlett v. Irwin*, Civ. A. No. 10-465, 2011 WL 722373, at *2 (E.D. Pa. Mar. 1, 2011); *Marie v. Sears Auto Repair Ctr.*, Civ. A. No. 10-cv-6535, 2011 WL 198465, at *3 (E.D. Pa. Jan. 20, 2011).

## PARTIES AND DIVERSITY OF CITIZENSHIP

6.  Plaintiffs allege they are citizens of Ohio. (*See* Short Form Compl. ¶ 2, SC182-83.)

7.  As of the date of removal of this action, Defendant Pfizer is a citizen of Delaware and New York because it is a corporation organized under the laws of Delaware with its principal office and place of business in New York. (*See* Long Form Compl. ¶ 12, SC187.)

8.  As of the date of removal of this action, SKB is a citizen of Delaware:[3]

---

*(cont'd from previous page)*
States District Court for the Eastern District of Pennsylvania. Pfizer has designated this action as a related case in accordance with Local Rule 40.1, and this case should be assigned to Judge Rufe and the MDL proceeding. *See* J.P.M.L. Rule 7.2 ("Potential tag-along actions filed in the transferee district do not require Panel action. A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules.").

[3] Although SKB is diverse from Plaintiffs, its citizenship may in any event be disregarded because, as set forth below, it is fraudulently joined to this action.

(a) On October 27, 2009, SKB, a Pennsylvania corporation, converted into GlaxoSmithKline LLC, a limited liability company organized under Delaware law.

(b) In order to clarify its status in Pennsylvania (i.e., no longer having the status as a Pennsylvania corporation), SKB filed modified articles of dissolution with the Pennsylvania Department of State pursuant to 15 Pa. Cons. § 1980.[4]

(c) The articles of dissolution terminated SKB's status as a domestic business corporation under Pennsylvania law, and the entity continued to exist as GlaxoSmithKline LLC under Delaware law. As the successor entity, GlaxoSmithKline LLC succeeded to liability of SKB.

(d) For purposes of diversity jurisdiction, the citizenship of a limited liability company is that of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Here, the sole member of GlaxoSmithKline LLC is GlaxoSmithKline Holdings, a Delaware corporation with its principal place of business in Wilmington, Delaware. Accordingly, SKB is a citizen of Delaware. *Johnson v. SmithKline Beecham Corp.*, No. 11-5782, slip op. (E.D. Pa. Mar. 29, 2012) (attached as Ex. B) (holding that GSK LLC is a citizen solely of Delaware, and not Pennsylvania); *accord White v. SmithKline Beecham Corp.*, 2:10-cv-2241, 2010 U.S. Dist. LEXIS 79520, at *8-9 (E.D. Pa. Aug. 5, 2010); *Hoch v. Eli Lilly & Co.*, 736 F. Supp. 2d 219, 221 (D.D.C. 2010).[5]

---

[4] As explained in the official commentary to Section 1980, this filing did not cause an actual dissolution of SKB, but rather simply confirmed its change in status: "This section [1980] is intended to provide a procedure under which a domestic business corporation that has domesticated itself under the laws of another jurisdiction can clarify its status in Pennsylvania . . . . The effect of filing under this section is not to dissolve the corporation in the ordinary sense but simply to terminate its status as a domestic business corporation. The existence of the corporation is not affected because the same entity continues to exist in the new jurisdiction of incorporation." As such, SKB's articles of dissolution noted, "SmithKline Beecham Corporation is being domesticated to Delaware and subsequently converted to a Delaware Limited Liability Company under Delaware and Pennsylvania law."

[5] *But see Brewer v. SmithKline Beecham Corp.*, 774 F. Supp. 2d 720 (E.D. Pa. 2011) (finding that GSK LLC is a citizen of Pennsylvania). The citizenship of GlaxoSmithKline LLC is the subject of an appeal now pending before the Third Circuit. *See Johnson v. SmithKline Beecham Corp.*, No. 12-8033, Order (3d Cir. May 22, 2012).

9. Accordingly, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

## REMOVAL PROCEDURES

### Removal Is Proper Under the Forum Defendant Rule

10. Removal is proper under 28 U.S.C. § 1441(b)(2) because, as set forth above, no Defendant is a resident of Pennsylvania. However, to the extent the Court were to assume that SKB is a citizen of Pennsylvania as alleged by Plaintiffs, its citizenship may be disregarded for purposes of removal because, as set forth below, it has been fraudulently joined in this action. Indeed, Plaintiffs have "no reasonable basis in fact or colorable ground supporting the claim against" SKB. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (quotation omitted).

11. "As the Supreme Court stated long ago: 'Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right.' [The Third Circuit has] adhered to this principle in the context of fraudulent joinder used to defeat diversity jurisdiction." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citation omitted) (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)). Indeed, "'[s]o long as federal diversity jurisdiction exists . . . the need for its assertion may well be greatest when the plaintiff tries hardest to defeat it.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted). Moreover, the Third Circuit has made clear "that a court can look to more than just the pleading allegations to identify indicia of fraudulent joinder." *In re Briscoe*, 448 F.3d at 219. For example, in *Briscoe*, the Third Circuit held that it was proper for a district court to consider "reliable evidence that the defendant may proffer to support the removal." *Id.* at 220.

12. Here, the records proffered with Plaintiffs' amended complaint establish that they have no colorable claim against SKB. Plaintiffs allege that the Minor Plaintiff was born in March 2006 (*see* Short Form Compl. ¶ 2, SC182), placing the date of conception no earlier than June 2005, assuming a full term pregnancy. However, Plaintiffs' medical records – which they attached to their Complaint for the express purpose of establishing some colorable claim against

SKB – show that the Mother Plaintiff's last prescription for Paxil was in March 2005, *three months* before she became pregnant. (Am. Compl., Ex. A, SC245-46; *cf.* Order, *Porter v. GlaxoSmithKline*, No. 12050436 (Phila. Ct. Com. Pleas June 5, 2012), at SC180 (requiring Plaintiffs to produce evidence of ingestion of Paxil during pregnancy).) Although Plaintiffs' pharmacy and medical records indicate ingestion of paroxetine, the generic form of Paxil, during Plaintiff's pregnancy, SKB did not manufacture this generic paroxetine and thus this evidence cannot give rise to a colorable claim against SKB.

13. "A threshold requirement of any products-liability claim is that the plaintiff assert that the defendant's product caused the plaintiff's injury." *Smith v. Wyeth, Inc.*, 657 F.3d 420, 423 (6th Cir. 2011). Indeed, the Ohio Products Liability Act ("OPLA") allows claims for harms caused by a product against the manufacturer or supplier only. Ohio Rev. Code § 2307.71(A)(13); *see also Mohney v. USA Hockey, Inc.*, 138 F. App'x 804, 814 (6th Cir. 2005) (affirming summary judgment to party who was not a manufacturer under OPLA); Ohio Rev. Code § 2307.71(B) (stating that the causes of action set forth in OPLA "are intended to abrogate all common law product liability claims or causes of action"). Here, because Plaintiffs' own records show that the Mother Plaintiff did not ingest a product manufactured or supplied by SKB during her pregnancy, they do not have a colorable claim against SKB. As such, SKB is fraudulently joined and removal is proper under the forum defendant rule.

### Removal Is Timely

14. Because less than 30 days have passed since Pfizer was served with the Complaint on June 22, 2012, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b); *Delalla v. Hanover Ins.*, 660 F.3d 180 (3d Cir. 2011) (holding that 30-day time limit to remove runs from service on last defendant).

15. Removal is also timely under the equitable exception to the rule barring removal of cases not initially removable but that become removable more than one year after commencement of the action. *See Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir. 2003) (holding that the one-year rule is procedural, rather than jurisdictional, and thus may be

waived); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003) (cited with approval by *Ariel Land Owners*) ("Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit.").[6] Application of the equitable exception is warranted here based on Plaintiffs' conduct in belatedly joining Pfizer and bring what is effectively an entirely new action.

16.     Plaintiffs filed this action against SKB in 2007 even though their own medical records, which they appear to have obtained prior to filing, disclosed that the Mother Plaintiff had not ingested Paxil during pregnancy but had ingested Zoloft. Instead of taking the proper action of voluntarily dismissing their claims against SKB and filing a new action against Pfizer with regard to Zoloft, they instead amended their original complaint to add new claims against Pfizer regarding Zoloft. As stated by SKB in its opposition to the motion to amend, Plaintiffs had initially "represented to [SKB] that they would dismiss this case as to [SKB] because it is undisputed that Plaintiff Katherine Porter took generic paroxetine, not branded Paxil, during her pregnancy with minor Plaintiff Robert 'Bo' Porter," yet they instead opted to keep SKB in the case and add new claims against Pfizer regarding Zoloft. (SKB Opp. to Mot. to Am. at SC177.) This stratagem allowed Plaintiffs to cloak what was effectively a new complaint against Pfizer – which contained 210 entirely new paragraphs about a different medication, different theory of alleged causation of injuries, and a completely different body of alleged wrongful conduct – as a mere continuation of their suit against SKB, against whom they knew they had no claim. That Plaintiffs took these actions for the specific purpose of preventing removal is evident in their allegation in the Amended Complaint that "[t]here is no basis for removal" because SKB "is a citizen of the Commonwealth of Pennsylvania" and removal "more than one year after the filing

---

[6] In addition, in 2011, Congress amended the removal statutes to provide an exception to the one-year rule where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Although this provision is not strictly applicable based on the effective date and scope of those amendments, it indicates that an equitable exception to the one-year rule as announced by the Fifth Circuit in *Tedford* is warranted.

of an initial pleading commencing the case, is expressly forbidden." (Long Form Compl. ¶ 18, at SC189.)

17. These facts warrant application of the equitable exception to the one-year bar. Indeed, courts have recognized the equitable exception where plaintiffs have similarly attempted to prevent removal by tactical manipulation and where, as here, "the defendants have vigilantly sought to try this case in federal court." *Tedford*, 327 F.3d at 428 (holding that equitable exception applied where plaintiffs non-suited the non-diverse defendant but did not give notice to the diverse defendant until after the one-year bar expired); *Rauch v. Rauch*, 446 F. Supp. 2d 432, 435 (D.S.C. 2006) (equitable exception applied where plaintiffs dismissed non-diverse defendant after one year but had opposed two previous removals by defendant on fraudulent joinder grounds); *Davis v. Merck & Co.*, 357 F. Supp. 2d 974, 979 (E.D. Tex. 2005) (finding that abandonment of claims against non-diverse defendant "establish[ed] Plaintiff's attempt to circumvent the target defendant's valuable right to a federal forum," thus warranting application of the equitable exception). Application of the equitable exception here is particularly warranted due to potential unfairness to Pfizer, which has had no knowledge of, much less involvement in, this suit over the last four and a half years. Nor is there any inefficiency in allowing removal at this time, because this case remains in its early stages, especially as to Pfizer and the allegations about Zoloft, as to which there has not yet been any discovery. To the contrary, allowing removal will be more efficient, as this case can be transferred to the Zoloft MDL in this District for coordinated pretrial proceedings.

18. Accordingly, removal of this action is timely.

### Pfizer Has Complied With All Other Removal Procedures

19. True and correct copies of all process, pleadings and order on file with the Pennsylvania Court of Common Pleas for Philadelphia County are attached hereto *en globo* as Exhibit A. *See* 28 U.S.C. § 1446(a).

20. A copy of the original Notice of Removal will be filed with the clerk of the Pennsylvania Court of Common Pleas for Philadelphia County, as provided by law. Written notice of removal is also being given to Plaintiffs, by and through their attorneys of record.

21. Pfizer reserves the right to amend or supplement this Notice of Removal. If any question arises as to the propriety of the removal of this action, Pfizer requests the opportunity to present a brief and request oral argument in support of removal.

22. All Defendants have joined in or consented to the removal of this action, as reflected by the notice of consent of SKB, attached hereto as Exhibit C and to be separately filed with the Court. *See* 28 U.S.C. § 1446(b)(2)(A).

Respectfully submitted,

GOODELL, DEVRIES, LEECH & DANN, LLP

Dated: July 12, 2012

By: _____
Robert A. Limbacher, Esq. (PA ID No. 35796)
Brandon L. Goodman, Esq. (PA ID No. 209406)
One Commerce Square
2005 Market Street, Suite 1940
Philadelphia, PA 19103
Telephone: 267.765.3600
Facsimile: 267.765.3636

Attorneys for Defendant Pfizer Inc

9

## CERTIFICATE OF SERVICE

I, Brandon L. Goodman, hereby certify that I caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be served this day via FEDERAL EXPRESS upon the following:

Rosemary Pinto, Esquire
**Feldman & Pinto**
1604 Locust Street, 2R
Philadelphia, PA 19103

Kurt B Arnold
Jason A. Itkin
Alexander G. Dwyer
**Arnold & Itkin LLP**
1401 McKinney St., Suite 2550
Houston, TX 77010

Attorneys for Plaintiffs

Joseph E. O'Neil
**Lavin, O'Neil, Ricci, Cedrone & DiSipio**
190 N. Independence Mall West, Suite 500
Philadelphia, PA 19106

Attorneys for Defendant SmithKline Beecham Corp.

Dated: July 12, 2012

Brandon L. Goodman