# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

JURY FEE PAID

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2007**   **003275**

| | |
|---|---|
| PLAINTIFF'S NAME<br>Robert Porter | DEFENDANT'S NAME<br><br>SmithKline Beecham Corporation dba GlaxoSmithKline |
| PLAINTIFF'S ADDRESS<br>2408 Somerset Drive<br>Urbana, IL 61802 | DEFENDANT'S ADDRESS<br>One Franklin Plaza<br>Philadelphia            PA            19102-1225 |
| PLAINTIFF'S NAME<br>Katherine Porter | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS<br>2408 Somerset Drive<br>Urbana, IL 61802 | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME<br>Robert T. Porter, A Minor | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS<br>2408 Somerset Drive<br>Urbana, IL 61802 | DEFENDANT'S ADDRESS |

| TOTAL NO. OF PLAINTIFFS<br>3 | TOTAL NO. OF<br>DEFENDANTS<br>1 | COMMENCEMENT OF ACTION |
|---|---|---|

COMMENCEMENT OF ACTION

- [ ] Petition Action
- [ ] Transfer from Other Jurisdiction
- [XX] Complaint
- [ ] Writ of Summons
- [ ] Notice of Appeal

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000 or less<br>[XX] More than $50,000 | [ ] Arbitration   [✓] Mass Tort   [ ] Commerce<br>[XX] Jury   [ ] Savings Action   [ ] Minor Court Appeal<br>[ ] Non-Jury   [ ] Petition   [ ] Statutory Appeal<br>[ ] Other:   [ ] Settlement   [ ] Minors |

CASE TYPE AND CODE (SEE INSTRUCTIONS)
TK      Paxil Pregnancy Case

Porter Etal Vs Smithklinebeecham Corp-WRSUM

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)
None

07090327500003

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

IS CASE SUBJECT TO
COORDINATION ORDER?
YES      NO
[ ]    [ ]
[ ]    [ ]
[ ]    [ ]

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER/APPELLANT'S ATTORNEY<br>Mark S. Karpo | ADDRESS (SEE INSTRUCTIONS)<br><br>137 N. 9th Street<br>Philadelphia, PA 19107-2410 |
|---|---|
| PHONE NUMBER    FAX NUMBER<br>(215) 923-6364    (215) 923-6341 | |
| SUPREME COURT IDENTIFICATION<br>NO.70531 | E-MAIL ADDRESS<br>mark@karpolaw.com |
| SIGNATURE    *Mark Karpo* | DATE    9/25/07 |

SC0001

JURY FEE PAID

Mark S Karpo, Esquire
137 N. 9th Street
Philadelphia, PA  19107
Identification No. 70531
Tel.: 215 923-6364

Attorney for Plaintiffs

| | |
|---|---|
| Robert Porter and Katherine Porter, Individually and as Parents and Natural Guardians of Robert T. "Bo" Porter, A Minor | : Court of Common Pleas<br>: Philadelphia County<br>: Pennsylvania<br>:<br>: Term:  **SEPTEMBER 2007** |
| **Plaintiffs** | : |
| v. | : No.: |
| SmithKlineBeecham Coporation d/b/a GlaxoSmithKline, Inc. One Franklin Plaza Philadelphia, PA 19102 | :<br>:   *003275*<br>:<br>:<br>: |
| **Defendant** | : |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

To the Prothonotary:

    Kindly issue a writ of summons in the above captioned matter.

*Date:*  9/25/07

_____
Mark S Karpo, Esquire
Attorney for Plaintiffs

Mark S Karpo, Esquire
137 N. 9th Street
Philadelphia, PA  19107
Identification No. 70531
Tel.: 215 923-6364

JURY FEE PAID

Attorney for Plaintiffs

| | |
|---|---|
| Robert Porter and Katherine Porter, Individually and as Parents and Natural Guardians of Robert T. "Bo" Porter, A Minor | : Court of Common Pleas<br>: Philadelphia County<br>: Pennsylvania<br>:<br>: Term: |
| **Plaintiffs**<br><br>v.<br><br>SmithKlineBeecham Coporation d/b/a GlaxoSmithKline, Inc.<br>One Franklin Plaza<br>Philadelphia, PA 19102 | : No.: **SEPTEMBER 2007**<br>:<br>: **003275**<br>:<br>:<br>:<br>: |
| **Defendant** | |

## WRIT OF SUMMONS

To:    SmithKlineBeecham Coporation d/b/a
       GlaxoSmithKline, Inc.
       One Franklin Plaza
       Philadelphia, PA 19102


        You are hereby notified that the Plaintiffs have commenced an action against

you.

_T. Shellenby_
Prothonotary


Date:    _9-25-07_


(*Seal of the Court*)

SC0003

**LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO**
BY:    Joseph E. O'Neil, Esquire / ID No. 29053
        Mary Grace Maley, Esquire / ID No. 37610
        Carolyn L. McCormack, Esquire / ID No. 87800
190 North Independence Mall West
Suite 500, 6th & Race Streets
Philadelphia, PA  19106
(215) 627-0303

Counsel for Defendant, SmithKline Beecham
Corporation d/b/a GlaxoSmithKline

| | | |
|---|---|---|
| ROBERT PORTER and KATHERINE PORTER, | : | PHILADELPHIA COUNTY |
| Individually and as parents and natural guardians of | : | COURT OF COMMON PLEAS |
| ROBERT T. "BO" PORTER,  a minor | : | |
| | : | SEPTEMBER TERM, 2007 |
| v. | : | |
| | : | NO.: 003275 |
| SMITHKLINE BEECHAM CORPORATION | : | |
| D/B/A GLAXOSMITHKLINE | : | PAXIL – PREGNANCY |

## PRAECIPE TO FILE COMPLAINT

TO THE PROTHONOTARY:

Please enter a Rule upon plaintiffs to file a Complaint within twenty (20) days hereof or

suffer the entry of Judgment of Non Pros.

NOV 0 2 2007

**LAVIN, O'NEIL, RICCI, CEDRONE & DiSIPIO**

M. YOUNG

Date: 10/30/07            BY:    Joseph E O'Neil
                                        Joseph E. O'Neil, Esquire / ID No. 29053
                                        Mary Grace Maley, Esquire / ID No. 37610
                                        Carolyn L. McCormack, Esquire / ID No. 87800
                                        Counsel for Defendant, SmithKline Beecham Corporation
                                        d/b/a GlaxoSmithKline

## RULE TO FILE COMPLAINT

AND NOW, this __30__ day of __OCT__, 2007, a Rule is hereby granted upon plaintiffs to file

a Complaint herein within twenty (20) days after service hereof or suffer the entry of a Judgment of Non Pros.

_____
PROTHONOTARY

## CERTIFICATE OF SERVICE

I, Carolyn L. McCormack, Esquire, hereby certify that a true and correct copy of the foregoing Praecipe and Rule to File Complaint of Lavin, O'Neil, Ricci, Cedrone & DiSipio, was filed with the Prothonotary of the Philadelphia Court of Common Pleas and mailed by U.S. mail, postage prepaid, this 30th day of October, 2007 to all counsel of record as noted below.

Mark S. Karpo, Esquire
137 N. 9th Street
Philadelphia, PA 19107
*Counsel for Plaintiffs*

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**


BY: _____
Carolyn L. McCormack, Esquire
Counsel for Defendant,
SmithKline Beecham Corporation
d/b/a GlaxoSmithKline

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**
BY:   Joseph E. O'Neil, Esquire / ID No. 29053
        Mary Grace Maley, Esquire / ID No. 37610
        Carolyn L. McCormack, Esquire / ID No. 87800
190 North Independence Mall West
Suite 500
6th & Race Streets
Philadelphia, PA  19106
(215) 627-0303

Counsel for Defendant, SmithKline Beecham
Corporation d/b/a GlaxoSmithKline

| | |
|---|---|
| ROBERT PORTER and KATHERINE PORTER, Individually and as parents and natural guardians of ROBERT T. "BO" PORTER,  a minor | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| v. | SEPTEMBER TERM, 2007 |
| SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE | NO.:  003275 |
| | PAXIL – PREGNANCY |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

    Kindly enter our appearance as counsel for defendant, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, in the above-captioned matter.

FILED
PRO PROTHY
NOV 0 2 2007
M. YOUNG

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

Date: 10/30/07

BY: *Joseph E O'Neil*

Joseph E. O'Neil, Esquire / ID No. 29053
Mary Grace Maley, Esquire / ID No. 37610
Carolyn L. McCormack, Esquire / ID No. 87800
Counsel for Defendant, SmithKline Beecham
Corporation d/b/a GlaxoSmithKline

## CERTIFICATE OF SERVICE

I, Carolyn L. McCormack, Esquire, hereby certify that a true and correct copy of the foregoing Entry of Appearance of Lavin, O'Neil, Ricci, Cedrone & DiSipio, was filed with the Prothonotary of the Philadelphia Court of Common Pleas and mailed by U.S. mail, postage prepaid, this 30th day of October, 2007 to all counsel of record as noted below.

Mark S. Karpo, Esquire
137 N. 9th Street
Philadelphia, PA  19107
*Counsel for Plaintiffs*

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

BY: _____
Carolyn L. McCormack, Esquire
Counsel for Defendant,
SmithKline Beecham Corporation
d/b/a GlaxoSmithKline

SC0007

# MARK S. KARPO, P.C.

### ATTORNEY AT LAW

<table>
<tr><td>Angel Leung<br>LEGAL ASSISTANT</td><td>137 NORTH NINTH STREET<br>PHILADELPHIA, PENNSYLVANIA  19107</td><td>e-mail:<br>mark@karpolaw.com</td></tr>
</table>

TEL.: (215) 923-6364
FAX: (215) 923-6341

November 14, 2007

**114120**

Honorable Allan L. Tereshko
City Hall Room 234
Philadelphia, PA  19107

**Re:    Paxil Pregnancy Litigation – Unopposed Pro Hac Vice Motion**
        <u>**Robert Porter, et al. v. SmithKline**</u>, Phila. C.C.C.P. No. 070903275

Dear JudgeTereshko:

I represent the plaintiffs in this matter.  Attached please find unopposed motion for pro hac vice admission of Michael E. Pierce, of Arnold & Itkin, 1401 McKinney Street, Houston, Texas 77010.

The IOLTA fee has been paid for this case as shown on the attached PA IOLTA Board letter.

Thank you for your consideration.

Very truly yours,

Mark S. Karpo, Esq.

Z:\SAVE\cover letter pro hav vice Pierce.doc



SUPREME COURT OF PENNSYLVANIA
# PENNSYLVANIA INTEREST ON
## LAWYERS TRUST ACCOUNT BOARD
P. O. BOX 1025 • 115 STATE STREET
HARRISBURG, PENNSYLVANIA 17108-1025
717/238-2001 • 888-PA-IOLTA (724-6582) • 717/238-2003 FAX
paiolta@pacourts.us
www.paiolta.org

*Chair*
MAUREEN P. KELLY, Esquire
Two Gateway Center
603 Stanwix Street, Suite 8W
Pittsburgh, PA 15222-5412

*Vice-Chair*
KENNETH M. JARIN, Esquire
Philadelphia, PA

*Board Members*
WILLIAM P. CARLUCCI, Esquire
Williamsport, PA

HUBERT X. GILROY, Esquire
Carlisle, PA

LEWIS F. GOULD, JR., Esquire
Philadelphia, PA

WILLIAM T. HANGLEY, Esquire
Philadelphia, PA

PENINA KESSLER LIEBER, Esquire
Pittsburgh, PA

M. MARK MENDEL, Esquire
Philadelphia, PA

MICHAEL H. REED, Esquire
Philadelphia, PA

*Executive Director*
ALFRED J. AZEN

October 29, 2007

Sent by fax: (713) 222-3850

Michael E. Pierce, Esquire
ARNOLD ITKIN LLP
1401 McKinney Street
Suite 2550
Houston, TX 77010

Dear Attorney Pierce:

This letter serves as the fee payment certification referenced in 204 Pa Code §81.503 and acknowledges receipt of the $100 fee paid by Check, number 11064, on this date related to your pursuit for admission pro hac vice in the case identified as <u>Robert and Katherine Porter, et al v. SmithKlineBeecham Corp d/b/a GlaxoSmithKline, Inc.</u>, case no. 003275, filed in the Court of Common Pleas of Philadelphia County.

You should refer to Pa Rule of Civil Procedure 1012.1, local court rules, and other regulations of 204 Pa Code §81.501 et. seq. concerning additional requirements related to seeking pro hac vice admission.

Sincerely,

Alfred J. Azen
Executive Director

cc: Mark Karpo
    (215) 923-6341

G:\CL\DOC\PHV\ACK LTR\2007\October\10262007aaaa.wpd

Administering Pennsylvania's Interest On Lawyers Trust Account (IOLTA) Program

SC0009

|  |  |  |
|---|---|---|
| Robert Porter and Katherine Porter, Individually and as Parents and Natural Guardians of Robert T. Porter, A Minor | : : : : : | Court of Common Pleas Philadelphia County Pennsylvania |
| Plaintiffs | : : | |
| | : | September Term, 2007 |
| v. | : : | No.: 03275 |
| SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE One Franklin Plaza Philadelphia, PA 19102 | : : : : : | In Re:  Paxil Pregancy |
| Defendant | : : | Jury Trial Demanded |

114120

## O R D E R

**AND NOW,** this $\underline{26}$ day of **November**, 2007, it is hereby

**ORDERED** that Plaintiff's Unopposed Motion for Pro Hac Vice Admission is

**GRANTED** and Michael E. Pierce, Esquire, of Arnold & Itkin, 1401 McKinney Street,

Houston, Texas 77010, is hereby admitted Pro Hac Vice for purposes of this matter.  Pro

Hac Vice counsel shall forthwith obtain the appropriate City of Philadelphia Business

Privilege License pursuant to 19-2602 of the Philadelphia Code, and shall pay all City

business and Wage tax as required.

BY THE COURT:

_Allan L. Tereshko_

ALLAN L. TERESHKO,   J.
COORDINATING JUDGE
COMPLEX LITIGATION CENTER

COPIES SENT
PURSUANT TO Pa.R.C.P.236(b)
NOV 28 2007
FIRST JUDICIAL DISTRICT OF PA
N. SWEENEY

COMPLEX LIT CENTER
NOV 2 _ 2007
N. SWEENEY

z:\SAVE\cover letter pro hav vice Pierce.doc

SC0010

**Mark S. Karpo**
State Bar No.: 70531
**Mark S. Karpo, P.C.**
137 N. 9th St.
Philadelphia, PA 19107-2410
(215) 923-6364
(215) 923-6341

*Attorney for Plaintiffs*

| | | |
|---|---|---|
| Robert Porter and Katherine Porter, Individually and as Parents and Natural Guardians of Robert T. "Bo" Porter, A Minor<br>2408 Somerset Drive<br>Urbana, IL 61802 | ) ) ) ) ) ) | **COURT OF COMMON PLEAS TRIAL DIVISION PHILADELPHIA COUNTY**<br><br>**September Term 2007** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **NO.: 003275**<br><br>**IN RE: PAXIL-PREGNANCY** |
| SmithKline Beecham Corporation d/b/a, GlaxoSmithKline, | ) ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' UNOPPOSED MOTION FOR ADMISSION *PRO HAC VICE* OF MICHAEL E. PIERCE

*Plaintiffs* by and though their counsel, Mark S. Karpo of the law firm of Mark S. Karpo, P.C., bring this Unopposed Motion for Admission *Pro Hac Vice* and in support thereof avers as follows:

1.  The Movant is Mark S. Karpo a duly admitted member in good standing in support avers as follows:

2.  Pursuant to Rule 301 of the Pennsylvania Bar Admission Rules, the Movant requests the Pro Hac Vice admission of **Michael E. Pierce** of the law firm **ARNOLD & ITKIN**

**LLP,** 1401 McKinney Street, Suite 2550, Houston, Texas 77010, to act as counsel for Plaintiffs in the above-captioned matter only.

3.     The Movant avers that Michael E. Pierce is a member in good standing of the Bar of the State of Texas. In support, see the Affidavit of Michael E. Pierce which is attached.

4.     Michael E. Pierce  specializes in cases involving personal injury such as the instant case and has more than four (4) years experience as a civil trial attorney.

5.     Michael E. Pierce was hired by Plaintiffs to represent them in this claim and Plaintiffs wish Michael E. Pierce to continue representing them as counsel.

6.     Michael E. Pierce is familiar with the subject matter of this litigation and his appearance on behalf of the Plaintiffs is in the interest of justice and has been assisting counsel in the matter.

7.     The Movant will continue to represent Plaintiffs as counsel of record and maintains a local office in Philadelphia, Pennsylvania, and has represented numerous plaintiffs in the Court of Common Pleas of Philadelphia County.

8.     Rule of Admission 301 provides that a motion to practice *Pro Hac Vice* shall be granted unless good cause for denial shall appear.

Plaintiffs respectfully request that this Honorable Court grant their Unopposed Motion for Admission *Pro Hac Vice* of Michael E. Pierce of the law firm ARNOLD & ITKIN LLP, to act as counsel in the above-captioned matter only on their behalf.

**MARK S. KARPO P.C.**

By:_____
        Mark S. Karpo

**Mark S. Karpo**
State Bar No.: 70531
**Mark S. Karpo, P.C.**
137 N. 9th St.
Philadelphia, PA 19107-2410
(215) 923-6364
(215) 923-6341

*Attorney for Plaintiffs*

| | | |
|---|---|---|
| **Robert Porter and Katherine Porter, Individually and as Parents and Natural Guardians of Robert T. "Bo" Porter, A Minor** | ) ) ) ) | **COURT OF COMMON PLEAS TRIAL DIVISION PHILADELPHIA COUNTY** |
| **2408 Somerset Drive** | ) | |
| **Urbana, IL  61802** | ) | **September 2007 Term** |
| **Plaintiffs,** | ) ) | **NO.:  003275** |
| **vs.** | ) ) | **IN RE: PAXIL** |
| **SmithKline Beecham Corporation d/b/a, GlaxoSmithKline,** | ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## AFFIDAVIT OF MICHAEL E. PIERCE

Michael E. Pierce, of full age, being duly sworn according to law upon his oath deposes and says:

1.      I am an attorney at law residing at 3718 Spring Court, Manvel, Texas  77578.

2.      I am domiciled in Manvel, Brazoria County, Texas.

3.      I am an attorney at law licensed to practice in the State of Texas.  I am a member in good standing of the Bar of Texas and admitted to practice in Texas.

4.      I am not currently, and never have been, suspended or disbarred in any court.

5.      I have been requested by the Plaintiffs to represent them in this matter. I have worked on a number of similar personal injury cases previously, and because of my prior

experience in this type of litigation, especially involving personal injury, Plaintiffs have asked me to be lead counsel in regard to their case.

6.      I will be associated in this matter with the law firm of Mark S. Karpo, P.C., located in Philadelphia, Pennsylvania.

7.      In the event that my application for admission pro hac vice in this case is granted, I agree without limitation, that I shall:

a.      Comply with and meet the requirement of Pennsylvania Rules of Professional Conduct;

b.      Advise the Court immediately should I cease to be an attorney in good standing of the State of Texas and any other matter affecting my standing within the Bar of any other Court;

c.      Continue throughout this litigation to be associated with Mark S. Karpo of the law firm Mark S. Karpo, P.C.

Michael E. Pierce

Subscribed and sworn to before me this _____ day of November, 2007.

Notary Public

KRISTINE THUY TRUONG
Notary Public, State of Texas
My Commission Expires
August 31, 2010

## ATTORNEY GOOD FAITH CERTIFICATION

Mark S. Karpo, attorney for Plaintiffs in this matter, hereby states that the facts set forth in the foregoing Unopposed Motion for Admission *Pro Hac Vice* of Michael E. Pierce of the law firm Arnold & Itkin LLP, are true and correct to the best of his knowledge, information and belief. Counsel for Plaintiffs has contacted opposing counsel regarding the subject of the attached Motion for Admission *Pro Hac Vice*, and opposing counsel has agreed not to oppose the motion. This statement is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

DATED: November 6, 2007

_____
Mark S. Karpo

## CERTIFICATE OF SERVICE

I, Mark S. Karpo, of the law firm Mark S. Karpo, P.C., hereby certify that a true and correct copy of the foregoing Unopposed Motion for Admission *Pro Hac Vice*, was filed with the Prothonotary of the Philadelphia Court of Commons Pleas and mailed by U.S. mail postage pre-paid, this _13_ day of November, 2007, to all counsel of record as noted below.

> Joseph E. O'Neil
> Mary Grace Maley
> Carolyn L. McCormack
> Lavin, O'Neil, Ricci, Cedrone & DiSipio
> 137 N. 9th Street
> Philadelphia, PA 19107
>
> **Counsel for Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline**

**MARK S. KARPO**

By:_____

Mark S. Karpo
Attorney for Plaintiffs

# MARK S. KARPO, P.C.

### ATTORNEY AT LAW

ANGEL LEUNG
LEGAL ASSISTANT

137 NORTH NINTH STREET
PHILADELPHIA, PENNSYLVANIA  19107

e-mail:
mark@karpolaw.com

TEL.: (215) 923-6364
FAX: (215) 923-6341

*178844*
*38.80*
*11-16-07*
*MW*

November 14, 2007

Honorable Allan L. Tereshko
City Hall Room 234
Philadelphia, PA  19107

*114149*

Re:  **Paxil Pregnancy Litigation – Unopposed Pro Hac Vice Motion**
     **Robert Porter, et al. v. SmithKline**, Phila. C.C.C.P. No. 070903275

Dear JudgeTereshko:

    I represent the plaintiffs in this matter.  Attached please find unopposed motion for pro hac vice admission of Kurt B. Arnold, Esquire, of Arnold & Itkin, 1401 McKinney Street, Houston, Texas 77010.

    The IOLTA fee has been paid for this case as shown on the attached PA IOLTA Board letter.

    Thank you for your consideration.

Very truly yours,

Mark S. Karpo, Esq.

FILED 2007 NOV 19 AM 10: 13



SUPREME COURT OF PENNSYLVANIA

# PENNSYLVANIA INTEREST ON
# LAWYERS TRUST ACCOUNT BOARD

P. O. BOX 1025 • 115 STATE STREET
HARRISBURG, PENNSYLVANIA 17108-1025
717/238-2001 • 888-PA-IOLTA (724-6582) • 717/238-2003 FAX
paiolta@pacourts.us
www.paiolta.org

*Chair*
MAUREEN P. KELLY, Esquire
Two Gateway Center
603 Stanwix Street, Suite 8W
Pittsburgh, PA 15222-5412

*Vice-Chair*
KENNETH M. JARIN, Esquire
Philadelphia, PA

*Board Members*
WILLIAM P. CARLUCCI, Esquire
Williamsport, PA

HUBERT X. GILROY, Esquire
Carlisle, PA

LEWIS F. GOULD, JR., Esquire
Philadelphia, PA

WILLIAM T. HANGLEY, Esquire
Philadelphia, PA

PENINA KESSLER LIEBER, Esquire
Pittsburgh, PA

M. MARK MENDEL, Esquire
Philadelphia, PA

MICHAEL H. REED, Esquire
Philadelphia, PA

*Executive Director*
ALFRED J. AZEN

October 25, 2007

Sent by fax: (713) 222-3850

Kurt B. Arnold, Esquire
ARNOLD ITKIN LLP
1401 McKinney Street
Suite 2550
Houston, TX 77010

Dear Attorney Arnold:

This letter serves as the fee payment certification referenced in 204 Pa Code §81.503 and acknowledges receipt of the $100 fee paid by Check, number 11064, on this date related to your pursuit for admission pro hac vice in the case identified as <u>Robert and Katherine Porter, et al v. SmithKlineBeecham Corp d/b/a GlaxoSmithKline, Inc.</u>, case no. 003275, filed in the Court of Common Pleas of Philadelphia County.

You should refer to Pa Rule of Civil Procedure 1012.1, local court rules, and other regulations of 204 Pa Code §81.501 et. seq. concerning additional requirements related to seeking pro hac vice admission.

Sincerely,

Alfred J. Azen
Executive Director

cc: Mark Karpo
    (215) 923-6341

G:\CL\DOC\PHV\ACK LTR\2007\October\10262007.wpd

Administering Pennsylvania's Interest On Lawyers Trust Account (IOLTA) Program

| | |
|---|---|
| Robert Porter and Katherine Porter, Individually and as Parents and Natural Guardians of Robert T. Porter, A Minor | :     Court of Common Pleas<br>:     Philadelphia County<br>:     Pennsylvania |

Robert Porter and Katherine
Porter, Individually and as Parents
and Natural Guardians of Robert
T. Porter, A Minor

             Plaintiffs

   v.

SMITHKLINE BEECHAM
CORPORATION, d/b/a
GLAXOSMITHKLINE
One Franklin Plaza
Philadelphia, PA 19102

             Defendant

:    Court of Common Pleas
:    Philadelphia County
:    Pennsylvania
:
:
:
:    September Term, 2007
:
:    No.: 03275
:
:    In Re:  Paxil Pregancy
:
:    Jury Trial Demanded
:

114149

## O R D E R

AND NOW, this 26 day of November, 2007, it is hereby

ORDERED that Plaintiff's Unopposed Motion for Pro Hac Vice Admission is

GRANTED and Kurt B. Arnold, Esquire, of Arnold & Itkin, 1401 McKinney Street,

Houston, Texas 77010, is hereby admitted Pro Hac Vice for purposes of this matter.  Pro

Hac Vice counsel shall forthwith obtain the appropriate City of Philadelphia Business

Privilege License pursuant to 19-2602 of the Philadelphia Code, and shall pay all City

business and Wage tax as required.

BY THE COURT:

_Allan L. Tereshko_

ALLAN L. TERESHKO,  J.
COORDINATING JUDGE
COMPLEX LITIGATION CENTER

COPIES SENT
PURSUANT TO Pa.R.C.P.236(b)

NOV 2 6 2007

FIRST JUDICIAL DISTRICT OF PA
N. SWEENEY

DOCKETED
COMPLEX LIT CENTER

NOV 2 ~ 2007

N. SWEENEY

SC0019

Mark S. Karpo
State Bar No.: 70531
**Mark S. Karpo, P.C.**
137 N. 9th St.
Philadelphia, PA 19107-2410
(215) 923-6364
(215) 923-6341

*Attorney for Plaintiffs*

| | | |
|---|---|---|
| Robert Porter and Katherine Porter, Individually and as Parents and Natural Guardians of Robert T. "Bo" Porter, A Minor 2408 Somerset Drive Urbana, IL 61802 | ) ) ) ) ) ) | COURT OF COMMON PLEAS TRIAL DIVISION PHILADELPHIA COUNTY |
| Plaintiffs, | ) ) | September Term 2007 |
| vs. | ) ) ) | NO.: 003275 IN RE: PAXIL-PREGNANCY |
| SmithKline Beecham Corporation d/b/a, GlaxoSmithKline, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

### PLAINTIFFS' UNOPPOSED MOTION FOR ADMISSION *PRO HAC VICE* OF KURT B. ARNOLD

Plaintiffs by and though their counsel, Mark S. Karpo of the law firm of Mark S. Karpo, P.C., bring this Unopposed Motion for Vice Admission *Pro Hac Vice* and in support thereof avers as follows:

1.     The Movant is Mark S. Karpo a duly admitted member in good standing  in support thereof aver as follows:

2.     Pursuant to Rule 301 of the Pennsylvania Bar Admission Rules, the Movant requests the Pro Hac Vice admission of **Kurt B. Arnold** of the law firm **ARNOLD & ITKIN LLP**, 1401 McKinney Street, Suite 2550, Houston, Texas 77010, to act as counsel for Plaintiffs in the above-captioned matter only.

SC0020

3.      The Movant avers that Kurt B. Arnold is a member in good standing of the Bar of the State of Texas. In support, see the Affidavit of Kurt B. Arnold which is attached.

4.      Kurt B. Arnold specializes in cases involving personal injury such as the instant case and has more than five (5) years experience as a civil trial attorney.

5.      Kurt B. Arnold was hired by Plaintiffs to represent them in this claim and Plaintiffs wish Kurt B. Arnold to continue representing them as counsel.

6.      Kurt B. Arnold is familiar with the subject matter of this litigation and his appearance on behalf of the Plaintiffs is in the interest of justice and has been assisting counsel in the matter.

7.      The Movant will continue to represent Plaintiffs as counsel of record and maintains a local office in Philadelphia, Pennsylvania, and has represented numerous plaintiffs in the Court of Common Pleas of Philadelphia County.

8.      Rule of Admission 301 provides that a motion to practice Pro Hac Vice shall be granted unless good cause for denial shall appear.

Plaintiffs respectfully request that this Honorable Court grant their Unopposed Motion for Admission *Pro Hac Vice* of Kurt B. Arnold of the law firm ARNOLD & ITKIN LLP, to act as counsel in the above-captioned matter only, on their behalf.

**MARK S. KARPO P.C.**

By:_____
Mark S. Karpo

**Mark S. Karpo**
State Bar No.: 70531
**Mark S. Karpo, P.C.**
137 N. 9th St.
Philadelphia, PA 19107-2410
(215) 923-6364
(215) 923-6341

*Attorney for Plaintiffs*

| | | |
|---|---|---|
| Robert Porter and Katherine Porter, Individually and as Parents and Natural Guardians of Robert T. "Bo" Porter, A Minor<br>2408 Somerset Drive<br>Urbana, IL 61802 | ) ) ) ) ) ) ) | COURT OF COMMON PLEAS<br>TRIAL DIVISION<br>PHILADELPHIA COUNTY |
| Plaintiffs, | ) ) | September Term 2007 |
| | ) | NO.: 003275 |
| vs. | ) ) | IN RE: PAXIL-PREGNANCY |
| SmithKline Beecham Corporation d/b/a, GlaxoSmithKline, | ) ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

## AFFIDAVIT OF KURT B. ARNOLD

Kurt B. Arnold, of full age, being duly sworn according to law upon his oath deposes and says:

1.      I am an attorney at law residing at 909 Texas Avenue, #519, Houston, Texas 77002.

2.      I am domiciled in Houston, Harris County, Texas.

3.      I am an attorney at law licensed to practice in the State of Texas.  I am a member in good standing of the Bar of Texas and admitted to practice in Texas and the Fifth Circuit Court of Appeals.

4.      I am not currently, and never have been, suspended or disbarred in any court.

SC0022

5.      I have been requested by the Plaintiffs to represent them in this matter. I have worked on a number of similar personal injury cases previously, and because of my prior experience in this type of litigation, especially involving personal injury, Plaintiffs have asked me to be lead counsel in regard to their case.

6.      I will be associated in this matter with the law firm of Mark S. Karpo, P.C., located in Philadelphia, Pennsylvania.

7.      In the event that my application for admission pro hac vice in this case is granted, I agree without limitation, that I shall:

      a.    Comply with and meet the requirement of Pennsylvania Rules of Professional Conduct;

      b.    Advise the Court immediately should I cease to be an attorney in good standing of the State of Texas and any other matter affecting my standing within the Bar of any other Court;

      c.    Continue throughout this litigation to be associated with Mark S. Karpo, of Mark S. Karpo, P.C.

_____

Kurt B. Arnold

Subscribed and sworn to before me this
_____ day of November, 2007.

_____
Notary Public

KRISTINE THUY TRUONG
Notary Public, State of Texas
My Commission Expires
August 31, 2010

## <u>ATTORNEY GOOD FAITH CERTIFICATION</u>

Mark S. Karpo, attorney for Plaintiffs in this matter, hereby states that the facts set forth in the foregoing Unopposed Motion for Admission *Pro Hac Vice* of Kurt B. Arnold of the law firm Arnold & Itkin LLP, are true and correct to the best of his knowledge, information and belief. Counsel for Plaintiffs has contacted opposing counsel regarding the subject of the attached Motion for Admission *Pro Hac Vice*, and opposing counsel has agreed not to oppose the motion. This statement is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

DATED: November 6, 2007

_____
Mark S. Karpo

SC0024

## CERTIFICATE OF SERVICE

I, Mark S. Karpo, of the law firm Mark S. Karpo, P.C., hereby certify that a true and correct copy of the foregoing Unopposed Motion for Admission *Pro Hac Vice*, was filed with the Prothonotary of the Philadelphia Court of Commons Pleas and mailed by U.S. mail postage pre-paid, this _13_ day of November, 2007, to all counsel of record as noted below.

Joseph E. O'Neil
Mary Grace Maley
Carolyn L. McCormack
Lavin, O'Neil, Ricci, Cedrone & DiSipio
137 N. 9th Street
Philadelphia, PA 19107

***Counsel for Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline***

MARK S. KARPO

By:_____

Mark S. Karpo
Attorney for Plaintiffs

Robert Porter and Katherine
Porter, Individually and as Parents
and Natural Guardians of Robert
T. Porter, A Minor

         Plaintiff

    vs.

SmithKline Beecham Corporation
dba GlaxoSmithKline

        Defendant

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA

September Term, 2007

No. 003275

# AFFIDAVIT OF SERVICE

**Service:  I served SmithKline Beecham Corporation, dba GlaxoSmithKline
with the Writ of Summons, as follows:**

**At place of business: <u>200 North 16th St , Philadelphia,PA 19102</u>**

**On  10/15/2007, at 9:00am**

    (1) **____**   **Defendant(s) personally served.**
    (2) **XXX**   **Agent or person in charge Defendant(s) office or usual place of business.
        Agent: <u>Debra Hinton</u>**

     I declare under penalty of perjury that the information contained herein is true and correct
and this affidavit was executed on October 24, 2007, at Philadelphia, PA

                    SIGNATURE OF PROCESS SERVER

**FILED
PRO PROTHY**

                    Steven Karpo

NOV 2 0 2007

Subscribed and sworn before me, a notary public, this 24th day of October, 2007

E. HUSTON

WITNESS MY HAND AND OFFICIAL SEAL TO

                                      Notary Public

```
NOTARIAL SEAL
ABIGAIL M BULLARD
Notary Public
PHILADELPHIA CITY, PHILADELPHIA COUNTY
My Commission Expires Feb 4, 2010
```

**Mark S. Karpo**
State Bar No.: 70531
**Mark S. Karpo, P.C.**
137 N. 9th St.
Philadelphia, PA 19107-2410
(215) 923-6364
(215) 923-6341
**Arnold & Itkin LLP**
**Kurt B. Arnold**
Texas State Bar No.: 24032461
*Pro Hac Vice Pending*
**Michael E. Pierce**
Texas State Bar No.: 24039117
*Pro Hac Vice Pending*
1401 McKinney St., Suite 2550
Houston, TX 77010
(713)222-3800
(713)222-3850 - Fax

*Attorneys for Plaintiffs*

FILED
PRO PROTHY
NOV 2 0 2007
R. WEISS

| | |
|---|---|
| **Robert Porter and Katherine Porter, Individually and as Parents and Natural Guardians of Robert T. "Bo" Porter, A Minor,**<br><br>     **Plaintiffs,**<br><br>     **vs.**<br><br>**SmithKline Beecham Corporation d/b/a, GlaxoSmithKline,**<br><br>     **Defendant.** | § § § § § § § § § § § § | **COURT OF COMMON PLEAS**<br>**TRIAL DIVISION**<br>**PHILADELPHIA COUNTY**<br><br>**September Term 2007**<br><br>**NO.: 003275**<br><br>**IN RE: PAXIL-PREGNANCY**<br><br>**JURY TRIAL DEMAND** |

## CIVIL ACTION SHORT - FORM COMPLAINT
## FOR PAXIL PREGNANCY CASES

Pursuant to the Order by the Honorable Paul P. Panepinto, Philadelphia County Court of

Common Pleas, the following Short Form Complaint is utilized in this mass tort action for cases

alleging that a child suffers from a congenital birth defect, from Persistent Pulmonary Hypertension

of the Newborn ("PPHN"), or other related or similar conditions, as a result of the child's mother

ingesting the prescription medication Paxil, Paxil OS or Paxil CR ("Paxil") during her pregnancy (hereinafter "Paxil Pregnancy Cases"). Plaintiffs select and indicate the causes of action raised in their case by checking off the appropriate spaces corresponding to the causes listed herein. In the event that a cause not listed herein is being raised, or where a claim requires, pursuant to Pennsylvania law, specific pleading or case-specific facts, Plaintiff(s) shall add and include said cause or said pleading or facts by way of submitting a Supplemental Short Form Complaint as approved by the Court's Case Management Order.

     1.     Robert T. Porter, child, a minor, by Katherine Porter and/or Robert Porter, Parents and Guardians, against GlaxoSmithKline "GSK."

     2.     A.     Minor Plaintiff / Decedent

             Name:

             Robert T. Porter

             Place of Birth:

             Peoria, IL

             State of Residence:

             IL

             Date of Birth:

             03/02/2006

             Date of Death:

             N/A

         B.     Guardian for Minor Plaintiff:

             Name:

             Katherine Porter and Robert Porter

             State of Residence:

SC0028

IL

Relationship to Minor Plaintiff:

Mother and Father

C.    Mother of Minor Plaintiff, Individually:

Name:

Katherine Porter

State of Residence:

IL

D.    Father of Minor Plaintiff, Individually:

Name:

Robert Porter

State of Residence:

IL

E.    Wrongful Death Beneficiaries and/or Personal Representative of Estate of:

N/A

Name:

N/A

State of Residence:

N/A

Name:

N/A

State of Residence:

N/A

3.    Robert T. Porter's mother ingested the following drugs relevant to this action for the described period:

3

Paxil Oral Suspension                 _____

Dose (if known):                 __25 mg___

4.      The prescribing physician was:

        Dr. Sunny Lee, M.D.

5.      Robert T. Porter was born with or developed the following condition:

        Congenital Heart Defect; Congenital Birth Defect, PPHN

6.      Katherine Porter and Robert Porter, individuals residing in the state noted above and claim damages as a result of Robert T. Porter's mother's ingestion of Paxil during her pregnancy.

7.      The following claims are asserted herein:

| | | |
|---|---|---|
| X | Count One: | Breach of Express Warranty |
| X | Count Two: | Breach of Implied Warranty |
| X | Count Three: | Fraud |
| X | Count Four: | Intentional Infliction of Emotional Distress |
| X | Count Five: | Loss of Consortium |
| X | Count Six: | Negligence |
| X | Count Seven: | Negligence Per Se |
| X | Count Eight: | Negligent Pharmacolvigilance |
| X | Count Nine: | Failure to Warn |
| X | Count Ten: | Negligent Misrepresentation |
| X | Count Eleven: | Punitive Damages |
| X | Count Twelve: | Strict Products Liability |
| N/A | Count Thirteen: | Survival/Survivorship Action |
| X | Count Fourteen: | Violation of Consumer Act |
| N/A | Count Fifteen: | Wrongful Death |

4

| | | |
|---|---|---|
| X | Count Sixteen: | Loss of Income |
| X | Count Seventeen: | Medical Expenses |
| X | Count Eighteen: | Design Defect |

DATED:  November 15, 2007

Respectfully Submitted,

_____

**Mark S. Karpo**
State Bar No.: 70531
**Mark S. Karpo, P.C.**
137 N. 9th St.
Philadelphia, PA 19107-2410
(215) 923-6364
(215) 923-6341

**Arnold & Itkin LLP**
**Kurt B. Arnold**
Texas State Bar No.: 24032461
*Pro Hac Vice Pending*
**Michael E. Pierce**
Texas State Bar No.: 24039117
*Pro Hac Vice Pending*
1401 McKinney St., Suite 2550
Houston, TX 77010
(713)222-3800
(713)222-3850 - Fax

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Mark S. Karpo, of the law firm Mark S. Karpo, P.C., hereby certify that a true and correct

copy of the foregoing Short Form Complaint, was filed with the Prothonotary of the Philadelphia

Court of Commons Pleas and mailed by U.S. mail postage pre-paid, this _19_ day of November,

2007, to all counsel of record as noted below.

**Lavin, O'Neil, Ricci, Cedrone & DiSipio**
Joseph E. O'Neil
Mary Grace Maley

5

SC0031

Carolyn L. McCormack
137 N. 9th Street
Philadelphia, PA 19107

**_Counsel for Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline_**

MARK S. KARPO

By:_____
Mark S. Karpo
**_Attorney for Plaintiffs_**

6

## VERIFICATION

I, Robert Porter, hereby state that I am a plaintiff in the within action, and the parent and guardian of Robert, who is also a plaintiff in the within action. I hereby state the facts set forth in the foregoing Plaintiffs' Complaint are true and correct to the best of my knowledge, information and belief. I understand that this Verification is being made subject to 18Pa. C.S. § 4904 related to unsworn falsification to authorities.

DATE:   September 28, 2007        SIGNATURE: _____

                                  PRINT NAME:        Robert Porter

SC0033

## VERIFICATION

I, Katherine Porter, hereby state that I am a plaintiff in the within action, and the parent and guardian of Robert, who is also a plaintiff in the within action. I hereby state the facts set forth in the foregoing Plaintiffs' Complaint are true and correct to the best of my knowledge, information and belief. I understand that this Verification is being made subject to 18Pa. C.S. § 4904 related to unsworn falsification to authorities.

DATE:   September 28, 2007          SIGNATURE: _Katherine Porter_

                                    PRINT NAME:      Katherine Porter

SC0034

Filed and Attested by
PROTHONOTARY
05 OCT 2009 12:49 pm
E. HAURIN

FELDMAN & PINTO, P.C.
BY: Rosemary Pinto, Esquire.
Identification Number: 53114                    Attorney for Plaintiff(s)
1604 Locust Street, 2R
Philadelphia, PA 19103
(215) 546-2604
email address: Rpinto@feldmanpinto.com

| | | |
|---|---|---|
| ROBERT T. PORTER, et al | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| | : | |
| vs. | : | September Term, 2007 |
| | : | |
| SMITHKLINE BEECHAM CORPORATION | : | NO: 03275 |
| d/b/a GLAXOSMITHKLINE | : | |

## ENTRY OF APPEARANCE

TO THE PROTHONTARY:

    Kindly enter my appearance on behalf of Plaintiffs, Robert T. Porter, et al. in the above

captioned matter.

FELDMAN & PINTO

BY: _/s/ Rosemary Pinto_____
    Rosemary Pinto
    Attorney for Plaintiff(s)

Case ID: 070903275

SC0035

## CERTIFICATE OF SERVICE

I hereby certify that the below listed counsel for the respective parties are listed to receive the below-described documents by the electronic filing system per the Philadelphia Court of Common Pleas.  To the extent there are parties not listed to receive electronic filings they will be served consistent with PA.R.C.P. 440.

DATE:              October 5, 2009

DOCUMENT:         ENTRY OF APPEARANCE

PERSONS:          Joseph E. O'Neil, Esquire
                  Carolyn L. McCormack, Esquire
                  Mary Grace Malley, Esquire
                  Mark S. Karpo, Esquire

                              FELDMAN & PINTO

                         BY:   /s/ Rosemary Pinto
                               Rosemary Pinto

Case ID: 070903275

SC0036

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

| CONTROL NUMBER: |
| --- |
| 10021372 |
| **(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)** |

| FOR COURT USE ONLY | |
| --- | --- |
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

_____ September _____ Term, 2007
*Month*        *Year*

No. _____ 03275 _____

Name of Filing Party:
KATHERINE PORTER-PLF
KATHERINE PORTER-PNGD
ROBERT PORTER-PLF

PORTER ETAL VS SMITHKLINEBEECHAM CORP

**INDICATE NATURE OF DOCUMENT FILED:**
- ☐ Petition *(Attach Rule to Show Cause)*
- ☐ Answer to Petition
- ☒ Motion
- ☐ Response to Motion

Has another petition/motion been decided in this case?   ☐ Yes   ☐ No
Is another petition/motion pending?   ☐ Yes   ☐ No

*If the answer to either question is yes, you must identify the judge(s):*
JUDGE MOSS

| TYPE OF PETITION/MOTION *(see list on reverse side)* | PETITION/MOTION CODE *(see list on reverse side)* |
| --- | --- |
| MOT-FOR ADMISSION PRO HAC VICE | MTPHV |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

**I. CASE PROGRAM**

OTHER PROGRAM

Court Type: MASS TORT
Case Type: MASS TORT - PAXIL-BIRTH DEFECT

**II. PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

MARK S KARPO
   137 N. 9TH ST., PHILADELPHIA PA 19107
JOSEPH E ONEIL
   190 N. INDEPENDENCE MALL WEST 6TH & RACE STREETS SUITE 500, PHILADELPHIA PA 19106
MARY GRACE MALEY
   190 N. INDEPENDENCE MALL WEST 6TH & RACE STREETS SUITE 500, PHILADELPHIA PA 19106
CAROLYN L. McCORMACK
   190 N. INDEPENDENCE MALL WEST 6TH & RACE STREETS SUITE 500, PHILADELPHIA PA 19106
KURT B. ARNOLD
   1401 MCKINNEY STREET, HOUSTON TX 77010

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____    February 8, 2010    ROSEMARY PINTO _____
*(Attorney Signature/Unrepresented Party)*      *(Date)*      *(Print Name)*      *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 1002013293
09-FEB-10 15:22:18

SC0037

ROBERT PORTER-PNGD
ROBERT T PORTER-PMNR

MICHAEL E. PIERCE
 1401 MCKINNEY STREET , HOUSTON TX
 77010

FILED

08 FEB 2010 03:46 pm

Civil Administration

A. LEBRON

**Rosemary Pinto, Esq.**
PA Bar #53114  rpinto@feldmanpinto.com
**FELDMAN & PINTO**
1604 Locust Street, 2nd Floor
Philadelphia, PA 19103
Tel:    215-546-2604
Fax:    215-546-9904

**ARNOLD & ITKIN LLP**
**Kurt B. Arnold**
Texas State Bar No.: 24032461
**Michael E. Pierce**
Texas State Bar No.: 24039117
**Alexander G. Dwyer**
Texas State Bar No.: 24054271
1401 McKinney St., Suite 2550
Houston, Texas 77010
Tel:    713-222-3800
Fax:    713-222-3850
*Attorneys for Plaintiffs*

| | |
|---|---|
| **ROBERT AND KATHERINE PORTER,** Individually and as Parents and Natural Guardians of ROBERT T. "Bo" PORTER, A Minor | § **COURT OF COMMON PLEAS** § **TRIAL DIVISION** § **PHILADELPHIA COUNTY** § |
| **Plaintiffs,** | § **DOCKET NO. 070903275** § |
| vs. | § **SEPTEMBER TERM, 2007** § |
| **SMITHKLINEBEECHAM CORPORATION D/B/A GLAXOSMITHKLINE, INC.** One Franklin Plaza Philadelphia, PA 19102 | § § § |
| **Defendant.** | § **PAXIL PREGNANCY** § |

## PLAINTIFFS' UNOPPOSED MOTION FOR ADMISSION
### *PRO HAC VICE* OF ALEXANDER G. DWYER

Plaintiffs by and though their counsel, Rosemary Pinto, Esq., Feldman & Pinto, bring this

Unopposed Motion for Vice Admission *Pro Hac Vice* and in support thereof avers as follows:

1.     The Movant is Rosemary Pinto a duly admitted member in good standing  in

support thereof aver as follows:

2.     Pursuant to Rule 301 of the Pennsylvania Bar Admission Rules, the Movant

requests the Pro Hac Vice admission of **Alexander G. Dwyer** of the law firm **ARNOLD &**

**ITKIN LLP**, 1401 McKinney Street, Suite 2550, Houston, Texas 77010, to act as counsel for

Plaintiffs in the above-captioned matter only.

3.      The Movant avers that **Alexander G. Dwyer** is a member in good standing of the Bar of the State of Texas. In support, see the Certificate of Good Standing from the State Bar of Texas which is attached.

4.      **Alexander G. Dwyer** specializes in cases involving personal injury such as the instant case and has more than two (2) years experience as a civil trial attorney.

5.      **Alexander G. Dwyer** was hired by Plaintiffs to represent them in this claim and Plaintiffs wish **Alexander G. Dwyer** to continue representing them as counsel.

6.      **Alexander G. Dwyer** is familiar with the subject matter of this litigation and his appearance on behalf of the Plaintiffs is in the interest of justice and has been assisting counsel in the matter.

7.      The Movant will continue to represent Plaintiffs as counsel of record and maintains a local office in Philadelphia, Pennsylvania, and has represented numerous plaintiffs in the Court of Common Pleas of Philadelphia County.

8.      Rule of Admission 301 provides that a motion to practice Pro Hac Vice shall be granted unless good cause for denial shall appear.

Plaintiffs respectfully request that this Honorable Court grant their Unopposed Motion for Admission *Pro Hac Vice* of **Alexander G. Dwyer** of the law firm ARNOLD & ITKIN LLP, to act as counsel in the above-captioned matter only, on their behalf.

**FELDMAN & PINTO**

By:   _/s/ Rosemary Pinto_
        Rosemary Pinto

2



SUPREME COURT OF PENNSYLVANIA
## PENNSYLVANIA INTEREST ON
## LAWYERS TRUST ACCOUNT BOARD

February 01, 2010

Sent by fax to 713-222-3850

Alexander G. Dwyer, Esq.
1401 McKinney St.
Suite 2550
Houston, TX 77010

Dear Attorney Dwyer:

This letter serves as the fee payment certification referenced in 204 Pa Code
§81.503 and acknowledges receipt of the $100 fee paid by Check, no. 22235,
on this date related to your pursuit for admission pro hac vice in the case
identified as Robert and Katherine Porter, et al v. SmithKlineBeecham
Corporation d/b/a/GlaxoSmithKline, Inc., no. 070903275, filed in the court of
Common Pleas of Philadelphia County.

You should refer to Pa Rule of Civil Procedure 1012.1, local court rules, and
other regulations of 204 Pa Code §81.501 et. seq. concerning additional
requirements related to seeking pro hac vice admission.

Sincerely,

Alfred J. Azen
Executive Director

cc: Rosemary Pinto, Esq.
     (215) 546-9904
     G:CL/DOC/PHV/2010/February/February 01 2010

Pennsylvania Judicial Center
601 Commonwealth Ave., Ste. 2400
PO Box 62445, Harrisburg, PA 17106-2445
717/238-2001 • 888/PA-IOLTA (724-6582) • 717/238-2003 FAX
paiolta@pacourts.us • www.paiolta.org
Administering Pennsylvania's Interest On Lawyers Trust Account (IOLTA) Program

Case ID: 070903275
Control No.: 10021372
SC0041

Rosemary Pinto, Esq.
PA Bar #53114  rpinto@feldmanpinto.com
FELDMAN & PINTO
1604 Locust Street, 2nd Floor
Philadelphia, PA 19103
Tel:    215-546-2604
Fax:    215-546-9904

ARNOLD & ITKIN LLP
Kurt B. Arnold
Texas State Bar No.: 24032461
Michael E. Pierce
Texas State Bar No.: 24039117
Alexander G. Dwyer
Texas State Bar No.: 24054271
1401 McKinney St., Suite 2550
Houston, Texas 77010
Tel:    713-222-3800
Fax:    713-222-3850
*Attorneys for Plaintiffs*

| | |
|---|---|
| ROBERT AND KATHERINE PORTER, Individually and as Parents and Natural Guardians of ROBERT T. "Bo" PORTER, A Minor | § COURT OF COMMON PLEAS<br>§ TRIAL DIVISION<br>§ PHILADELPHIA COUNTY<br>§ |
| **Plaintiffs,** | § DOCKET NO. 070903275 |
| vs. | § |
| SMITHKLINEBEECHAM CORPORATION D/B/A GLAXOSMITHKLINE, INC. One Franklin Plaza Philadelphia, PA 19102 | § SEPTEMBER TERM, 2007<br>§<br>§ |
| **Defendant.** | § PAXIL PREGNANCY |

## AFFIDAVIT OF ALEXANDER G. DWYER

**Alexander G. Dwyer**, of full age, being duly sworn according to law upon his oath deposes and says:

1.      I am an attorney at law residing at 1200 Post Oak, # 2613, Houston Texas 77056.

2.      I am domiciled in Houston, Harris County, Texas.

3.      I am an attorney at law licensed to practice in the State of Texas.  I am a member in good standing of the Bar of Texas.

4.      I am not currently, and never have been, suspended or disbarred in any court.

3

5.     I have been requested by the Plaintiffs to represent them in this matter. I have worked on a number of similar personal injury cases previously, and because of my prior experience in this type of litigation, especially involving personal injury, Plaintiffs have asked me to be lead counsel in regard to their case.

6.     I will be associated in this matter with the law firm of Feldman & Pinto, located in Philadelphia, Pennsylvania.

7.     In the event that my application for admission pro hac vice in this case is granted, I agree without limitation, that I shall:

    a.     Comply with and meet the requirement of Pennsylvania Rules of Professional Conduct;

    b.     Advise the Court immediately should I cease to be an attorney in good standing of the State of Texas and any other matter affecting my standing within the Bar of any other Court;

    c.     Continue throughout this litigation to be associated with Rosemary Pinto, of Feldman & Pinto.



_____
Alexander G. Dwyer

Subscribed and sworn to before me this 5th day of February, 2010.

[SEAL]   
LINDA W. VAN NATTER  
Notary Public, State of Texas  
My Commission Expires  
November 16, 2013

_Linda W. VanNatter_
_____
Notary Public in and for State of Texas

My Commission Expires: _____

4

# STATE BAR OF TEXAS



**Office of The Chief Disciplinary Counsel**

January 21, 2010

RE:    **Mr. Alexander Grier Dwyer**
       State Bar Number - 24054271

To Whom it May Concern:

This is to certify that Mr. Alexander Grier Dwyer was licensed to practice law in Texas on November 27, 2007 and is an active member in good standing with the State Bar of Texas.

Good Standing means that the attorney is current on payment of Bar dues and attorney occupation tax; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension.

No disciplinary action involving professional misconduct has been taken against the attorney's law license. This certification expires 30 days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

Linda A. Acevedo
Chief Disciplinary Counsel

LA/dh



Case ID: 070903275
Control No.: 10021372
SC0044

| | |
|---|---|
| **ROBERT AND KATHERINE PORTER,** **Individually and as Parents and Natural Guardians of ROBERT T. "Bo" PORTER, A Minor** | § **COURT OF COMMON PLEAS** § **TRIAL DIVISION** § **PHILADELPHIA COUNTY** § |

§

**ROBERT AND KATHERINE PORTER,**
**Individually and as Parents and Natural**
**Guardians of ROBERT T. "Bo" PORTER, A**
**Minor**

§ **COURT OF COMMON PLEAS**
§ **TRIAL DIVISION**
§ **PHILADELPHIA COUNTY**
§
§
                    **Plaintiffs,**          § **DOCKET NO. 070903275**
                                             §
**vs.**                                       §
                                             § **SEPTEMBER TERM, 2007**
**SMITHKLINEBEECHAM CORPORATION**            §
**D/B/A GLAXOSMITHKLINE, INC.**              §
**One Franklin Plaza**                       §
**Philadelphia, PA 19102**                   §
                                             § **PAXIL PREGNANCY**
                    **Defendant.**           §

---

## O R D E R

**AND   NOW**  this  _____  day  of  _____,  2010,  upon

consideration of  **PLAINTIFFS' Unopposed Motion for Admission** *Pro Hac Vice* of

Alexander G. Dwyer of the law firm Arnold & Itkin LLP, it is ORDERED that said motion

is GRANTED. Alexander G. Dwyer is admitted as co-counsel for Plaintiffs *Pro Hac Vice* in

the above-captioned matter.

### BY THE COURT:

_____

5

Case ID: 070903275
Control No.: 10021372
SC0045

## ATTORNEY GOOD FAITH CERTIFICATION

Rosemary Pinto, attorney for Plaintiffs in this matter, hereby states that the facts set forth in the foregoing Unopposed Motion for Admission *Pro Hac Vice* of Alexander G. Dwyer of the law firm Arnold & Itkin LLP, are true and correct to the best of his knowledge, information and belief. Counsel for Plaintiffs has contacted opposing counsel regarding the subject of the attached Motion for Admission *Pro Hac Vice*, and opposing counsel has agreed not to oppose the motion. This statement is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

DATED: February 8 , 2010                            /s/ Rosemary Pinto
                                                    Rosemary Pinto

6

Case ID: 070903275
Control No.: 10021372
SC0046

## CERTIFICATE OF SERVICE

I, Rosemary Pinto, of the law firm Feldman & Pinto, hereby certify that a true and correct copy of the foregoing Unopposed Motion for Admission *Pro Hac Vice*, was filed with the Prothonotary of the Philadelphia Court of Commons Pleas and mailed by U.S. mail postage pre-paid, this ___8___ day of February, 2010, to all counsel of record as noted below.

Joseph E. O'Neil
Carolyn L. McCormack
Lavin, O'Neil, Ricci, Cedrone & DiSipio
137 N. 9th Street
Philadelphia, PA 19107

*Counsel for Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline*

FELDMAN & PINTO

By:   /s/ Rosemary Pinto
         Rosemary Pinto
         Attorney for Plaintiffs

7

Porter Etal Vs Smithkli-ORDER



07090327500020

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | |
|---|---|
| **ROBERT and KATHERINE PORTER** : | |
| **Individually and as Parents and Natural** : | |
| **Guardians of ROBERT T. "Bo" PORTER, A** : | SEPTEMBER TERM, 2007 |
| **Minor** : | |
| Plaintiffs : | NO: 03275 |
| : | |
| **vs.** : | |
| : | CONTROL NO: 10021372 |
| : | |
| **SMITHKLINEBEECHAM CORPORATION** : | |
| **d/b/a GLAXOSMITHKLINE, INC.,** : | |

### O R D E R

AND NOW THIS *19th* day of *Feb*      , 2010, it is hereby

**ORDERED** and **DECREED** that the Motion for Admission Pro Hac Vice is **GRANTED**, and

Alexander G. Dwyer, Esquire of the law firm Arnold & Itkin, LLP, 1401 McKinney Street, Suite

2550, Houston, Texas 77010, is hereby admitted Pro Hac Vice for purposes of this matter after

obtaining the appropriate City of Philadelphia Business Privilege Tax License pursuant to 19-

2602 of the Philadelphia Code.  Pro Hac Vice Counsel shall pay all City Business and Wage tax

as required.

BY THE COURT:

SANDRA MAZER MOSS, J.
**COORDINATING JUDGE**
**COMPLEX LITIGATION CENTER**

DOCKETED
COMPLEX LIT. CENTER

FEB 19 2010

**L. RYANT-DAVIS**



# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

| CONTROL NUMBER: |
| --- |
| 11101004 |
| *(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)* |

| FOR COURT USE ONLY |
| --- |
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

September Term, 2007
*Month* *Year*

No. 03275

Name of Filing Party:
KATHERINE PORTER-PLF
KATHERINE PORTER-PNGD
ROBERT PORTER-PLF

PORTER ETAL VS SMITHKLINEBEECHAM CORP

**INDICATE NATURE OF DOCUMENT FILED:**
- ☐ Petition *(Attach Rule to Show Cause)*  ☒ Motion
- ☐ Answer to Petition  ☐ Response to Motion

Has another petition/motion been decided in this case? ☐ Yes ☐ No
Is another petition/motion pending? ☐ Yes ☐ No
*If the answer to either question is yes, you must identify the judge(s):*

| TYPE OF PETITION/MOTION *(see list on reverse side)* | PETITION/MOTION CODE *(see list on reverse side)* |
| --- | --- |
| MOTION TO WITHDRAW APPEARANCE | MTWDA |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

**I. CASE PROGRAM**

OTHER PROGRAM

Court Type: MASS TORT
Case Type: MASS TORT - PAXIL-BIRTH DEFECT

**II. PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

MARK S KARPO
  137 N. 9TH ST., PHILADELPHIA PA 19107
JOSEPH E ONEIL
  190 N. INDEPENDENCE MALL WEST 6TH & RACE STREETS SUITE 500, PHILADELPHIA PA 19106
MARY GRACE MALEY
  190 N. INDEPENDENCE MALL WEST 6TH & RACE STREETS SUITE 500, PHILADELPHIA PA 19106
CAROLYN L. McCORMACK
  190 N. INDEPENDENCE MALL WEST 6TH & RACE STREETS SUITE 500, PHILADELPHIA PA 19106
KURT B. ARNOLD
  1401 MCKINNEY STREET, HOUSTON TX 77010

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

October 11, 2011     JASON A. ITKIN

*(Attorney Signature/Unrepresented Party)*     *(Date)*     *(Print Name)*     *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 1110013525
12-OCT-11 11:37:12

SC0049

ROBERT PORTER-PNGD
ROBERT T PORTER-PMNR

MICHAEL E. PIERCE
  1401 MCKINNEY STREET , HOUSTON TX
  77010
ALEXANDER G. DWYER
  ARNOLD & ITKIN, LLP 1401 MCKINNEY
  STREET STE 2550 , HOUSTON TX 77010

SC0050

FILED
11 OCT 2011 02:16 pm
Civil Administration
J. EVERS

Kurt B. Arnold
Jason A. Itkin
ARNOLD & ITKIN LLP
1401 McKinney, Suite 2550
Houston, TX 77010
Office: (713) 222-3800
Facsimile: (713) 222-3850

Rosemary Pinto, Esquire
FELDMAN & PINTO
1604 Locust Street, 2R
Philadelphia, PA 19103
Office: (215) 546-2604
Facsimile (215) 546-9904
email: rpinto@feldmanpinto.com

*Attorney for Plaintiffs*

---

| | |
|---|---|
| **ROBERT PORTER AND KATHERINE PORTER, Individually and as Parents and Natural Guardian of ROBERT T. "BO" PORTER, A Minor** | : **COURT OF COMMON PLEASE** |
| | : **TRIAL DIVISION** |
| | : **PHILADELPHIA COUNTY** |
| Plaintiffs | : |
| vs. | : **COURT TERM: SEPTEMBER 2007** |
| | : |
| **SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, INC.** | : **DOCKET NO:  003275** |
| | : **IN RE PAXIL PREGNANCY CASES** |
| Defendant. | : |
| | : **JURY TRIAL DEMANDED** |

---

## PETITION OF ARNOLD & ITKIN LLP AND FELDMAN & PINTO, P.C. FOR LEAVE TO WITHDRAW

Arnold & Itkin LLP and Feldman & Pinto, P.C. hereby petition the Court for Leave to Withdraw as Counsel for the Plaintiffs in the above-captioned matter. In support of this petition, Petitioners avers that:

1. Petitioner, as counsel for Plaintiffs, Robert T. "Bo" Porter, a minor, and Robert Porter and Katherine Porter, his parents, whose last known address is 110 Park Place, Bath, NY 14810, filed a complaint against the Defendant, SmithKline Beecham Corporation d/b/a, GlaxoSmithKline, Apotex Corp. and Apotex, Inc. alleging that the minor plaintiff, whose date of birth is March 10,

Case ID: 070903275
Control No.: 11101004
SC0051

2006, suffered congenital birth defects as a result of the minor plaintiff's mother's ingestion of Paxil, Paxil OS, or Paxil CR, or Paroxetine ("Paxil") during the subject pregnancy.

2.   In compliance with this court's discovery orders, Petitioner served fact sheets/authorizations on Defendant on May 22, 2010, and subsequently served supplemental fact sheets on July 15, 2008, January 4, 2010, January 7, 2011 and February 16, 2011.

3.   While continuing to investigate the claims of Plaintiffs, through the retrieval and review of various records, facts have arisen which have created a fundamental disagreement between Petitioner and Plaintiffs.  The factual basis for the fundamental disagreement cannot be disclosed without waiving the attorney-client privilege and work production privilege.

4.   Petitioner has contacted the Plaintiff and explained the need for Petitioner to withdraw. Petitioner will produce any correspondence to Plaintiffs, *in camera,* if the Court requests.

5.   To date, plaintiffs have failed to notify petitioner of new counsel agreeing to substitute into this matter.

6.   The withdrawal of the Petitioner can be accomplished without a material adverse effect on the interests of the client.  *See Pa. Rules of Prof. Conduct* 1.16(b)(1).  Plaintiffs are currently under no impending obligation from discovery deadlines or other orders from this court.  Plaintiffs have served all required fact sheets and authorizations.

7.   To date upon information and belief no substitute counsel has been retained to proceed with the litigation.

8.   As a result of the foregoing, Petitioner hereby petitions the Court ot withdraw as counsel in this matter.

9.   Petitioner requests that Plaintiffs be given an additional sixty (60) days from the date of entry of the Order of Withdrawal to find new counsel.  Petitioner further requests that during that

sixty (60) days, or until the entry of appearance by new counsel for the plaintiffs, whichever is earlier, that no action by any party may be taken.

WHEREFORE, petitioners respectfully request this Honorable Court to grant the instant Petition for Leave to Withdraw and enter the proposed Order attached hereto.

Respectfully Submitted,

Dated: 10·11·11

_____
Kurt B. Arnold
Jason A. Itkin
ARNOLD & ITKIN LLP
1401 McKinney, Suite 2550
Houston, TX 77010
Office: (713) 222-3800
Facsimile: (713) 222-3850


Rosemary Pinto, Esquire
Identification No. 53114
FELDMAN & PINTO
1604 Locust Street, 2R
Philadelphia, PA 19103
Office: (215) 546-2604
Facsimile (215) 546-9904
email: rpinto@feldmanpinto.com

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing was served via facsimile as follows:

Via Fax (215) 627-2551
Joseph E. O'Neil
Carolyn L. McCornack
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 N. Independence Mall West, Suite 500
Philadelphia, PA 19106

Via Fax (405) 572-5136
Robert K. Woo
King & Spalding
1180 Peachtree Street, NE
Atlanta, GA 30309

Date: 10·11·11

_____
Jason A. Itkin

Case ID: 070903275
Control No.: 11101004
SC0054

FILED
11 OCT 2011 02:16 pm
Civil Administration
J. EVERS

Kurt B. Arnold
Jason A. Itkin
ARNOLD & ITKIN LLP
1401 McKinney, Suite 2550
Houston, TX 77010
Office: (713) 222-3800
Facsimile: (713) 222-3850

Rosemary Pinto, Esquire
FELDMAN & PINTO
1604 Locust Street, 2R
Philadelphia, PA 19103
Office: (215) 546-2604
Facsimile (215) 546-9904
email: rpinto@feldmanpinto.com

*Attorney for Plaintiffs*

| | |
|---|---|
| **ROBERT PORTER AND KATHERINE PORTER, Individually and as Parents and Natural Guardian of ROBERT T. "BO" PORTER, A Minor** | **COURT OF COMMON PLEASE** |
| : | **TRIAL DIVISION** |
| : | **PHILADELPHIA COUNTY** |
| Plaintiffs | **COURT TERM: SEPTEMBER 2007** |
| vs. | : |
| : | **DOCKET NO: 003275** |
| **SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, INC.** | **IN RE PAXIL PREGNANCY CASES** |
| Defendant. | **JURY TRIAL DEMANDED** |

## AFFIDAVIT

I, Jason A. Itkin, being duly sworn according to law, hereby depose and say that the facts set

forth in the foregoing Petition of Arnold & Itkin LLP and Feldman & Pinto, P.C. for Leave to

Withdraw are true and correct to the best of my knowledge, information and belief.

_____
Jason A. Itkin

SWORN TO AND SUBSCRIBED BEFORE ME this 11th day of October, 2011.

_Claudia Martinez_
Notary Public

CLAUDIA MARTINEZ
Notary Public, State of Texas
My Commission Expires
June 19, 2013

Case ID: 070903275
Control No.: 11101004

SC0055

FILED
11 OCT 2011 02:16 pm
Civil Administration
J. EVERS

| | | |
|---|---|---|
| **ROBERT PORTER AND KATHERINE PORTER, Individually and as Parents and Natural Guardian of ROBERT T. "BO" PORTER, A Minor** | : | **COURT OF COMMON PLEASE** |
| | : | **TRIAL DIVISION** |
| | : | **PHILADELPHIA COUNTY** |
| | : | |
| Plaintiffs | : | **COURT TERM: SEPTEMBER 2007** |
| vs. | : | |
| | : | **DOCKET NO:  003275** |
| **SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, INC.** | : | |
| | : | **IN RE PAXIL PREGNANCY CASES** |
| | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## ORDER

AND Now, this ____ day of _____, 2011, an upon consideration of the Petition of

Arnold & Itkin LLP and Feldman & Pinto, P.C., ORDERED and DECREED that petitioners, Arnold

& Itkin LLP and Feldman & Pinto, P.C., may withdraw as counsel and that Plaintiffs may have sixty

(60) days from this date or until new counsel has entered their appearance.

BY THE COURT:

_____

Case ID: 070903275
Control No.: 11101004
SC0056

FILED
11 OCT 2011 02:16 pm
Civil Administration
J. EVERS

| | |
|---|---|
| ROBERT PORTER AND KATHERINE PORTER, Individually and as Parents and Natural Guardian of ROBERT T. "BO" PORTER, A Minor | : COURT OF COMMON PLEASE<br>: TRIAL DIVISION<br>: PHILADELPHIA COUNTY<br>: |
| Plaintiffs | : COURT TERM: SEPTEMBER 2007 |
| vs. | : |
| | : DOCKET NO: 003275 |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, INC. | :<br>: IN RE PAXIL PREGNANCY CASES<br>: |
| Defendant. | : JURY TRIAL DEMANDED |

## RULE TO SHOW CAUSE

AND Now, this ____ day of _____, 2011, an Order is entered upon all parties to show cause why Petitioners, Arnold & Itkin LLP and Feldman & Pinto, P.C. should not permitted to withdraw as counsel. All proceedings to stay meanwhile.

RULE RETURNABLE, _____, this ____ day of _____, 2011, in Courtroom ____ of the Court of Common Pleas of Philadelphia County.

BY THE COURT:

_____

Case ID: 070903275
Control No.: 11101004
SC0057

FILED
13 OCT 2011 12:20 pm
Civil Administration
L. OWENS

Kurt B. Arnold
Jason A. Itkin
ARNOLD & ITKIN LLP
1401 McKinney, Suite 2550
Houston, TX 77010
Office: (713) 222-3800
Facsimile: (713) 222-3850

Rosemary Pinto, Esquire
FELDMAN & PINTO
1604 Locust Street, 2R
Philadelphia, PA 19103
Office: (215) 546-2604
Facsimile (215) 546-9904
email: rpinto@feldmanpinto.com

*Attorney for Plaintiffs*

| | |
|---|---|
| **ROBERT PORTER AND KATHERINE PORTER, Individually and as Parents and Natural Guardian of ROBERT T. "BO" PORTER, A Minor**<br><br>Plaintiffs<br><br>vs.<br><br>**SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, INC.**<br>Defendant. | : **COURT OF COMMON PLEASE**<br>: **TRIAL DIVISION**<br>: **PHILADELPHIA COUNTY**<br>:<br>: **COURT TERM: SEPTEMBER 2007**<br>:<br>:<br>: **DOCKET NO:  003275**<br>:<br>: **IN RE PAXIL PREGNANCY CASES**<br>:<br>: **JURY TRIAL DEMANDED** |

## <u>PRAECIPE TO WITHDRAW MOTION</u>

To The Prothonotary:

    Kindly Withdraw Plaintiffs Motion of Arnold & Itkin LLP and Feldman & Pinto, P.C. for

Leave to Withdraw that was filed with the Court on October 11, 2011, **Control Number:**

**11101004.**

Case ID: 070903275

Control No.: 11101004

SC0058

Respectfully Submitted,

Dated: <u>10/13/11</u>

<u>/s/ Jason A. Itkin</u>
Kurt B. Arnold
Jason A. Itkin
ARNOLD & ITKIN LLP
1401 McKinney, Suite 2550
Houston, TX 77010
Office: (713) 222-3800
Facsimile: (713) 222-3850

Rosemary Pinto, Esquire
Identification No. 53114
FELDMAN & PINTO
1604 Locust Street, 2R
Philadelphia, PA 19103
Office: (215) 546-2604
Facsimile (215) 546-9904
email: <u>rpinto@feldmanpinto.com</u>

Case ID: 070903275
Control No.: 11101004
SC0059

<u>**CERTIFICATE OF SERVICE**</u>

I, hereby certify that a true and correct copy of the foregoing was served via facsimile as follows:

<u>Via Fax (215) 627-2551</u>
Joseph E. O'Neil
Carolyn L. McCornack
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 N. Independence Mall West, Suite 500
Philadelphia, PA 19106

<u>Via Fax (405) 572-5136</u>
Robert K. Woo
King & Spalding
1180 Peachtree Street, NE
Atlanta, GA 30309

Date: <u>10/13/11</u>                          _____/s/ Jason A. Itkin_____
                                                        Jason A. Itkin

Case ID: 070903275
Control No.: 11101004
SC0060

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

| CONTROL NUMBER: |
| --- |
| 12050436 |
| *(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)* |

| FOR COURT USE ONLY | |
| --- | --- |
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: 05/23/2012 |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

September Term, 2007
*Month*                          *Year*
No. _____ 03275

Name of Filing Party:
KATHERINE PORTER-PLF
KATHERINE PORTER-PNGD
ROBERT PORTER-PLF

PORTER ETAL VS SMITHKLINEBEECHAM CORP

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*  ☒ Motion
☐ Answer to Petition  ☐ Response to Motion

Has another petition/motion been decided in this case?  ☐ Yes  ☐ No
Is another petition/motion pending?  ☐ Yes  ☐ No
*If the answer to either question is yes, you must identify the judge(s):*
JUDGE MOSS

| TYPE OF PETITION/MOTION *(see list on reverse side)* | PETITION/MOTION CODE *(see list on reverse side)* |
| --- | --- |
| MOTION TO AMEND | MTAMD |

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

**I. CASE PROGRAM**

OTHER PROGRAM

Court Type: MASS TORT
Case Type: MASS TORT - PAXIL-BIRTH DEFECT

**II. PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

MARK S KARPO
  137 N. 9TH ST., PHILADELPHIA PA
  19107
JOSEPH E ONEIL
  190 N. INDEPENDENCE MALL WEST 6TH &
  RACE STREETS SUITE 500, PHILADELPHIA
  PA 19106
MARY GRACE MALEY
  190 N. INDEPENDENCE MALL WEST 6TH &
  RACE STREETS SUITE 500, PHILADELPHIA
  PA 19106
CAROLYN L. McCORMACK
  190 N. INDEPENDENCE MALL WEST 6TH &
  RACE STREETS SUITE 500, PHILADELPHIA
  PA 19106
KURT B. ARNOLD
  1401 MCKINNEY STREET, HOUSTON TX
  77010

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

May 3, 2012          ROSEMARY PINTO

_____          _____          _____          _____
*(Attorney Signature/Unrepresented Party)*          *(Date)*          *(Print Name)*          *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 1205005518
03-MAY-12 11:39:39

SC0061

<u>ROBERT PORTER-PNGD</u>
<u>ROBERT T PORTER-PMNR</u>

MICHAEL E. PIERCE
   1401 MCKINNEY STREET , HOUSTON TX
   77010
ALEXANDER G. DWYER
   ARNOLD & ITKIN, LLP 1401 MCKINNEY
   STREET STE 2550 , HOUSTON TX 77010

FILED

03 MAY 2012 11:11 am

Civil Administration

J. EVERS

# ARNOLD & ITKIN LLP

A REGISTERED LIMITED LIABILITY PARTNERSHIP

ATTORNEYS AT LAW

1401 MCKINNEY STREET, SUITE 2550

HOUSTON, TEXAS 77010

(713) 222-3800

(713) 222-3850 (FAX)

www.arnolditkin.com

May 3, 2012

|   |   |
|---|---|
| **Plaintiffs' Motion for Leave to File First Amended Civil Action Complaint – Short Form** | |
| **Filed:** | **May 3, 2012** |
| **Opposing Counsel:** | **Joseph E. O'Neil** |
| | **Mary Grace Maley** |
| | **Carolyn McCormack** |
| **Control No.** | |

The Honorable Sandra Mazer-Moss,
Court of Common Pleas of
Philadelphia County
Complex Litigation Center – Room 622
Philadelphia, PA 19107
Attention: Donna Candelora, Esquire

RE: *Robert Porter and Katherine Porter, Individually and as Parents and Natural Guardians of Robert T. "Bo" Porter, A, Minor v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline*
    **September Term, 2007, No. 03275**

---

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## FIRST AMENDED CIVIL ACTION COMPLAINT - SHORT FORM

Case ID: 070903275

Control No.: 12050436

SC0063

Dear Judge Moss:

Plaintiffs, Robert Porter and Katherine Porter, individually and as parents and natural guardian of Robert T. "Bo" Porter, a minor, hereby submit this letter brief and incorporated Motion for Leave to File First Amended Civil Action Complaint—Short Form, in the above—captioned matter which does not currently have a trial, and would respectfully show the Court as follows:

## Summary

This matter involves the diagnosis of congenital intestinal defect and pulmonary hypertension In re "Paxil" Litigation filed in the Court of Common Pleas, Philadelphia County, September, 2007, under Master Docket Number 3220—February Term 2007. (*See* Plaintiffs' Long Form Complaint, a copy of which is attached hereto as Exhibit A.)

On November 19, 2007, Plaintiffs filed a Civil Action Complaint—Short Form against Defendants, Smith Kline Beecham Corporation d/b/a On November 27, 2007, d/b/a GlaxoSmithKline (hereinafter, "GSK"). (*See* Plaintiffs' Short Form Complaint, a copy of which is attached hereto as Exhibit B.)  Through investigation Plaintiffs have learned that the Plaintiff mother ingested Zoloft as well as Paxil.  As Zoloft was manufactured and sold by Pfizer, Inc., Plaintiffs seek leave to file a First Amended Short Form Complaint to add Pfizer Inc, Inc. (hereinafter, "Pfizer").  (*See* Plaintiffs' proposed First Amended Short Form Complaint, a copy of which is attached hereto as Exhibit C.)

This case does not currently have a trial date and neither GSK nor Pfizer is prejudiced by joining Pfizer. Defendant GSK is opposed to the instant motion.

## ARGUMENT

The "trial court has broad discretion in ruling on a party's motion to amend the pleadings," and, accordingly, "[a]mendments are liberally allowed under Rule 1033 of the Pennsylvania Rules of Civil Procedure." *Pusl v. Means*, 982 A.2d 550, 553 (Pa. Super. 2009). [1] Rule 1033 provides that "[a] party, either by filed consent of the adverse party or by leave of court, *may at any time change the form of action*, correct the name of a party *or amend his pleading*." (emphases added).  The court may deny a motion for leave to amend only "when it is

---

[1] *See Cellutron Prods. Corp. v. Stewart*, 300 A.2d 900, 901 (Pa. Super. 1972); *Standard Pipeline Coating Co., Inc. v. Solomon & Teslovich*, 496 A.2d 840, 844 (1985) (the right to amend "should be granted liberally"); *see also Winterhalter v. West Penn. Power Co.*, 512 A.2d 1187, 1189 (Pa. Super. 1986) ("Although no absolute right to amend exists, the courts of this Commonwealth have liberally construed the principal embodied in this rule. Consequently, courts have allowed amendments of pleadings *at any time*, as provided by the specific language of this statute.") (emphasis in original).

against a positive rule of law, where it states a new cause of action after the statute of limitations has run, or when it will surprise or prejudice the opposing party." *Pusl*, 982 A.2d at 554.

Likewise, a court may find "prejudice" only where the party opposing the amendments has proved that it suffered "more than a detriment . . . since any amendment almost certainly will be designed to strengthen the legal position of the amending party and correspondingly to weaken the position of the adverse party." *Standard Pipeline Coating Co., Inc.*, 496 A.2d at 844 (quoting *Cellutron Prods. Corp*, 300 A.2d at 901 ("The fact that the adverse party would be placed at a disadvantage does not in itself bar the making of an amendment since the very purpose of amending is to improve one's position in order to place the adverse party at a disadvantage.")).

"It has been consistently held that 'unreasonable delay' . . . is an insufficient ground upon which to base a denial of an amendment motion." *Horowitz*, 580 A.2d at 399. Thus, in proving prejudice, a party "must establish more than undue delay before the liberal policy of amendment entrenched in Pennsylvania case law will be overcome." *Id.* (citing *Carpitella by Carpitella v. Consolidated Rail Corp.*, 533 A.2d 762, 764 (1987)). Likewise, that a party has spent time and money preparing for trial will usually not suffice to meet this standard. *James A. Mann, Inc. v. Upper Darby School Dist.,* 513 A.2d 528, 530-31 (Pa. Cmwlth. 1986) (reversing denial of leave to amend original pleading, where "common pleas court misconstrued the type of prejudice required to be suffered by an adverse party in order to warrant denying leave of court to amend a pleading under [Rule] 1033," in considering that "[a]ll parties ha[d] undergone extensive, lengthy and, perhaps, expensive discovery in order to prepare properly for trial," in denying the proposed amendment).

Here, neither GSK nor Pfizer can show prejudice. Moreover, there is no positive rule of law forbidding Plaintiffs' amendments and Plaintiffs have not pled a cause of action outside the statute of limitation.

## CONCLUSION

Based on the foregoing, the Court should permit Plaintiffs to file their First Amended Short Form Complaint and add Pfizer as a defendant.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

BY: __/s/_____

    Kurt B. Arnold, Esquire
    Jason A. Itkin, Esquire
    1401 McKinney Street, Ste 2550
    Houston, Texas 77010
    Telephone: 713-222-3800
    Facsimile: 713-222-3850

    Rosemary Pinto, Esquire
    PA Bar #53114
    FELDMAN & PINTO
    1604 Locust Street, 2nd Floor
    Philadelphia, PA 19103
    Telephone:  215-546-2604
    Facsimile: 215-546-9904

    **ATTORNEYS FOR PLAINTIFF**

## ATTORNEY CERTIFICATION OF GOOD FAITH

Jason Itkin, the undersigned counsel for Plaintiff, hereby certifies and attests that Robert Woo, Esquire, counsel for GSK, was contacted regarding Plaintiff's Motion for Leave to File First Amended Complaint and is opposed to the Motion and entry of the attached Order.

DATED:   May 3, 20121                          /s/ Jason Itkin_____
                                               Jason A. Itkin

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to counsel of record, by the undersigned, pursuant to the Pennsylvania Rules of Civil Procedure on the 3rd day of May, 2012.

Joseph E. O'Neil, Esquire
Carolyn McCormack, Esquire
Mary Grace Malley, Esquire
Lavin, O'Neil, Ricci, Cedrone & Disipio
190 N Independence Mall W, Suite 500
6th and Race Streets
Philadelphia, PA 19106

/s/ *Jason Itkin*
Jason A. Itkin

Case ID: 070903275
Control No.: 12050436
SC0068

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| ROBERT PORTER and KATHERINE PORTER, Individually and as Parents and Natural Guardian of ROBERT T. "BO" PORTER, A Minor | * * * * | COURT OF COMMON PLEAS TRIAL DIVISION PHILADELPHIA COUNTY |
| vs. | * * | SEPTEMBER 2007 Term |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE and PAR PHARMACEUTICAL, INC. | * * * * * * * | No. 03275 "PAXIL" CASE JURY TRIAL DEMAND |
| | * | |

**<u>ORDER</u>**

**AND NOW,** this _____ day of _____, 2012 it is hereby ORDERED and DECREED that, the Plaintiffs' Motion for Leave to File First Amended Complaint is GRANTED. Plaintiffs' First Amended Short Form Complaint, attached as Exhibit "C" to the Motion for Leave is deemed filed as of the date of entry of this Order.

BY THE COURT:

_____
                            J.

Case ID: 070903275
Control No.: 12050436
SC0069

Case ID: 070903275
Control No.: 12050436
SC0070

FILED

03 MAY 2012 11:11 am

Civil Administration

J. EVERS

# EXHIBIT "A"

Case ID: 070903275

Control No.: 12050436

Ronald L.M. Goldman, Esq.
Karen Barth Menzies, Esq.
Jennifer R. Liakos, Esq.
Baum + Hedlund, A Professional Corporation
12100 Wilshire Blvd., Suite 950
Los Angeles, California 90025
Telephone: 310.207.3233
Facsimile: 310.207.4204

**ATTEST**

MAR  7 2007

M. SIMMONS
PRO. PROTHY

Cara J. Luther, Esq. (52545)
Baum + Hedlund, A Professional Corporation
1500 Market Street, 12th Floor, East Tower
Philadelphia, Pennsylvania 19102
Telephone: 215.665.5659
Facsimile:  215.569.8228

**This is not an arbitration matter.
Assessment of damages hearing is
required**

*Attorneys for Plaintiffs*

|  |  |  |
|---|---|---|
|  | : | **COURT OF COMMON PLEAS** |
|  | : | **TRIAL DIVISION** |
|  | : | **OF PHILADELPHIA COUNTY** |
|  | : |  |
|  | : |  |
| **IN RE: PAXIL PREGNANCY CASES** | : | **FEBRUARY TERM, 2007** |
|  | : |  |
|  | : | **MASTER DOCKET NO. 3220** |
|  | : |  |
|  | : |  |
|  | : | **JURY TRIAL DEMANDED** |

<hr>

### Notice To Defend

| NOTICE | AVISO |
|---|---|
| YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | USTED HA SIDO DEMANDAMO/A EN LA CORTE.  Si usted desea defender contra las demandas puestas en las siguientes páginas, usted tiene que tomar acción dentro de veinte (20) días después que esta demanda y Aviso es servido, con entrando por escrito una apariencia personalmente o por un abogado y archivando por escrito con la Corte sus defensas o objeciones a las demandas puestas en contra usted.  Usted es advertido que si falla de hacerlo el caso puede proceder sin usted y una sentencia puede ser entrado contra usted por la Corte sin más aviso por cualquier dinero reclamado en la Demanda o por cualquier otro reclamo o alivio solicitado por el Demandante.  Usted puede perder dinero o propiedad o otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VIYA EN PERSONA OR LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| Lawyer Referral and Information Service<br>Philadelphia Bar Association<br>1101 Market Street – 11th Floor<br>Philadelphia, PA 19107<br>(215) 238-1701 | ASOCIACIÓN DE LICENCIADOS DE FILADELFIA<br>SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL<br>1101 Market Street – 11th Floor<br>Philadelphia, PA 19107<br>(215) 238-1701 |

Case ID: 070903275

Control No.: 12050436

SC0072

Ronald L.M. Goldman, Esq.
rgoldman@baumhedlundlaw.com
Karen Barth Menzies, Esq.
kbmenzies@baumhedlundlaw.com
Jennifer R. Liakos, Esq.
Jliakos@baumhedlundlaw.com
Baum ♦ Hedlund, A Professional Corporation
12100 Wilshire Blvd., Suite 950
Los Angeles, California 90025
Telephone:  310.207.3233
Facsimile:  310.207.4204

Cara J. Luther, Esq.
cluther@baumhedlundlaw.com
Attorney ID # 52545
Baum ♦ Hedlund, A Professional Corporation
1500 Market Street, 12th Floor, East Tower
Philadelphia, Pennsylvania 19102
Telephone: 215.665.5659
Facsimile: 215.569.8228

Attorneys for Plaintiffs

**COURT OF COMMON PLEAS
PHILADELPHIA COUNTY**

IN RE: PAXIL PREGNANCY CASES     **FEBRUARY TERM, 2007**

**MASTER DOCKET NO.: 3220**

**PLAINTIFFS' GENERAL
MASTER LONG-FORM
COMPLAINT, AND JURY
DEMAND**

Pursuant to an Order by the Honorable Paul P. Panepinto, the undersigned attorneys for

plaintiffs in the "Paxil Pregnancy" actions bring this Master General Long-Form Complaint against

the defendant, SmithKline Beecham Corporation d/b/a/ GlaxoSmithKline (hereinafter "GSK").

<u>PLAINTIFFS</u>

1.     Pursuant to the Order of this Court, this Complaint is a Master Complaint filed for

all plaintiffs in the "Paxil Pregnancy Cases." All allegations pleaded herein are deemed pleaded in

any "Short-Form" Complaint hereafter filed.

1

2.      The "Infant Plaintiffs" or "Decedents" referred to herein are minor children who were born with congenital birth defects, heart defects, PPHN and/or other related conditions or who suffered from various pulmonary disorders as a result of their mothers, ("Mother Plaintiffs") taking Paxil during their pregnancies. The Infant Plaintiffs are represented in these actions by their parents, ("Parent Plaintiffs") who are their next of friend pursuant to Pa. R.C.P. No 2026.

3.      The "Mother Plaintiffs" referred to herein are competent adults and the mothers of the Infant Plaintiffs or Decedents in these actions. They bring these actions individually and on behalf of their minor children or as the Personal Representative of the estate of their deceased infant children to recover medical and other expenses related to treatment resulting from their child's birth defect, disorder and/or related illnesses and general and special damages.

4.      The "Father Plaintiffs" referred to herein are competent adults and the fathers of the Infant Plaintiffs or Decedents in these actions. They bring these actions individually and on behalf of their minor children or as the Personal Representative of the estate of their deceased infant children to recover medical and other expenses relating to treatment resulting from their child's birth defect, disorder and/or related illnesses and general and special damages.

5.      "Plaintiffs" as used herein refers to the Infant Plaintiffs, Mother Plaintiffs and Father Plaintiffs collectively.

## DEFENDANT

6.      Defendant GSK was and still is a corporation duly existing under and by virtue of the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. At all times, defendant GSK was, and still is, a pharmaceutical company involved in research, development, testing, manufacture, production, promotion, distribution, and marketing of pharmaceuticals for distribution, sale, and use by the general public throughout the United States, including the drug Paxil (known generically as paroxetine), an antidepressant.

2

<u>JURISDICTIONAL ALLEGATIONS</u>

7.     Jurisdiction is proper because GSK is a Pennsylvania corporation.  Venue is proper in this District because GSK resides in this county for venue purposes and a substantial part of the events and omissions giving rise to Plaintiffs' injuries occurred in this District.  *See* Pa.R.C.P. 2179, as amended by 2003 Pennsylvania Court Order 8.

<u>**GENERAL ALLEGATIONS**</u>

8.     The drug "paroxetine" is manufactured, promoted, distributed, labeled and marketed by GSK under the trade name Paxil, Paxil Oral Suspension, and Paxil CR (hereinafter "Paxil"), and is a member of a class of drugs known as "selective serotonin reuptake inhibitors" or "SSRIs." Paxil was first approved for use in the United States by the FDA in 1992 for the treatment of depression in adults.

9.     The Mother Plaintiffs took Paxil as prescribed by their treating physicians while pregnant.

10.     When the Infant Plaintiffs were born they were suffering from life-threatening congenital defects and/or began to suffer from persistent pulmonary hypertension of the newborn ("PPHN"), a life-threatening disorder in which the newborn's arteries to the lungs remain constricted after delivery, limiting the amount of blood flow to the lungs and therefore the amount of oxygen into the bloodstream, or began to suffer from a similar life-threatening pulmonary condition.

11.     The defects suffered by the Infant Plaintiffs were a direct result of his/her mother's ingestion of Paxil during her pregnancy in a manner and dosage recommended and prescribed by her doctor.

12.     Prior to the Mother Plaintiffs becoming pregnant, GSK knew or should have known that children were being born with congenital birth defects, heart defects, PPHN and other related conditions to women who took Paxil during pregnancy.

13.     Prior to the Mother Plaintiffs becoming pregnant, GSK knew or should have known that taking Paxil during pregnancy poses risks to the developing fetus.  GSK knew or should have

3

known that Paxil crosses the placenta, which could have important implications for the developing fetus.

14.    Prior to the time that the Mother Plaintiffs ingested Paxil during their pregnancy, GSK knew or should have known that Paxil posed an increased risk of congenital birth defects, heart defects, PPHN and other related conditions.

15.    During the entire time Paxil has been on the market in the United States, FDA regulations have required GSK to issue stronger warnings whenever there existed reasonable evidence of an association between a serious risk and Paxil. The regulations specifically state that a causal link need not have been proven to issue the new warnings. Further, the regulations explicitly allowed GSK to issue such a warning without prior FDA approval.

16.    Thus, prior to the Mother Plaintiffs' pregnancies, GSK had the knowledge, the means and the duty to provide the medical community and the consuming public with a stronger warning regarding the association between Paxil and congenital birth defects, heart defects, PPHN and other related conditions, through all means necessary including but not limited to labeling, continuing education, symposiums, posters, sales calls to doctors, advertisements and promotional materials, etc. GSK breached this duty.

17.    Plaintiffs filed this lawsuit within the applicable limitations period of first suspecting that said drugs were the cause of Plaintiffs' injuries and/or Decedent's death. Plaintiffs could not, by the exercise of reasonable diligence, have discovered the wrongful cause of the Paxil-induced injuries and deaths at an earlier time because at the time of the these injuries and/or deaths the cause was unknown to Plaintiffs. Plaintiffs did not suspect, nor did Plaintiffs have reason to suspect, the cause of these injuries and/or deaths, or the tortious nature of the conduct causing these injuries and deaths, until less than the applicable limitations period prior to the filing of this action. Additionally, Plaintiffs were prevented from discovering this information sooner because the Defendant herein misrepresented and continue to misrepresent to the public and to the medical profession that the

4

drugs are safe to take during pregnancy and Defendant has fraudulently concealed facts and information that could have led Plaintiffs to discover a potential cause of action.

## COUNT I

## NEGLIGENCE & NEGLIGENCE PER SE

18.     Plaintiffs repeat and reiterate the allegations set forth above.

19.     At all times mentioned herein, GSK was under a duty to exercise reasonable care in researching, manufacturing, selling, merchandising, advertising, marketing, promoting, labeling, testing, distributing and analyzing Paxil to ensure that Paxil's use did not result in avoidable injuries.

20.     Plaintiffs' injuries as described herein were caused by the negligence and misrepresentations of GSK though its agents, servants and/or employees acting within the course and scope of their employment including among other things:

(a)     Carelessly and negligently researching, manufacturing, selling, merchandising, advertising, promoting, labeling, analyzing, testing, distributing, and marketing Paxil;

(b)     Failing to fully disclose the results of the testing and other information in its possession regarding the possibility that Paxil can interfere with the proper development of an unborn fetus;

(c)     Failing to continually monitor, test and analyze data regarding safety, efficacy and prescribing practices of its marketed drugs, including Paxil;

(d)     Being careless and negligent in that GSK knew or should have known that Paxil was a substance that would be actively transported through the placenta during pregnancy and could inhibit the health and development of the fetus;

(e)     Negligently and carelessly failing to adequately warn the medical community, the general public and Plaintiffs of the dangers of using Paxil during pregnancy;

5

(f)     Negligently and carelessly representing that Paxil was safe for use during pregnancy, when in fact, GSK knew or should have known that it was unsafe for this use;

(g)     Negligently and carelessly promoting Paxil as safe and effective for use with pregnant women when, in fact, it was unsafe;

(h)     Negligently and carelessly failing to act as a reasonably prudent drug manufacturer;

(i)     Negligently and carelessly over-promoting Paxil in a zealous and unreasonable way, without regard to the potential danger that it poses for an unborn fetus;

(j)     GSK promoted Paxil for use with pregnant women despite the fact that GSK knew or should have known that Paxil is associated with an increased risk of congenital abnormalities and pulmonary disorders.

21.     Furthermore, GSK's negligence was an un-excused breach of statutory duty established by federal regulations because Plaintiffs have suffered from the kind of harm the regulations were designed to prevent and Plaintiffs are members of the particular class of persons that those regulations were set out to protect.

22.     At all times herein mentioned, upon information and belief, the above-described culpable conduct by GSK was a proximate cause of Plaintiffs' injuries. GSK knew or should have known that Paxil is dangerous and unsafe for pregnant women and the developing fetus.

23.     The Infant Plaintiffs suffer from physical injuries, the full extent of which have not yet been determined, some or all of which are permanent and/or fatal, and the Infant Plaintiffs may suffer in the future from other diseases or conditions which have not yet been diagnosed. As a direct and proximate result of the aforesaid conduct of GSK, the Infant Plaintiffs have sustained in the past, and will sustain in the future, pain and suffering, mental anguish, embarrassment and humiliation, disfigurement and the loss of enjoyment of the pleasures of life without the presence of congenital birth defects, heart defects, PPHN and/or other related conditions, as well as past and future general

6

and special damages, including future medical care and treatment, in a sum in excess of the jurisdictional minimum of this Court.

24. As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs have incurred loss of consortium, general, special and medical damages and related expenses in an amount in excess of the jurisdictional minimum of this Court.

25. As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs of the Decedents have sustained pecuniary loss resulting from the loss of their child's society, companionship, comfort, attention, protection, care, love, affection, advice, services, moral support, economic support and general and special damages in a sum in excess of the jurisdictional minimum of this Court. As a further proximate result of GSK's conduct, the Parent Plaintiffs of the Decedents have incurred expenses for funeral, burial, and other costs pertaining to their Decedent's death in an amount to be ascertained.

26. As a direct and proximate result of the aforesaid conduct of GSK, the Decedents sustained pecuniary loss resulting from the pain and suffering from their congenital malformations and/or pulmonary conditions, by the surgeries and procedures they underwent between the time of their birth and their death and additional general and special damages in a sum in excess of the jurisdictional minimum of this Court.

27. The forgoing actions of the Defendant were intentional, malicious, wanton, willful or oppressive or were done with gross negligence and reckless indifference to the Plaintiffs, and the public's safety and welfare.

WHEREFORE, Plaintiffs demand judgment in their favor and against GSK for an amount in excess of $50,000.00, compensatory and punitive damages and costs of suit in an amount to be determined upon the trial of this matter.

/ / /

/ / /

/ / /

Case ID: 070903275
Control No.: 12050436
SC0079

## COUNT II

### NEGLIGENT PHARMACO-VIGILANCE

28.     Plaintiffs repeat and reiterate the allegations set forth above.

29.     GSK has an ongoing duty of pharmaco-vigilance.  As part of this duty, GSK is required to continually monitor, test and analyze data regarding the safety, efficacy and prescribing practices of its marketed drugs, including Paxil.  GSK continually receives reports from its own clinical trials, practicing physicians, individual patients and regulatory authorities of adverse events that occur in patients taking Paxil and its other marketed drugs.  Furthermore, GSK continues to conduct clinical trials for its marketed drugs long after the drug is approved for use.  GSK has a duty to inform doctors, regulatory agencies and the public of new safety and efficacy information it learns, or should have learned, about its marketed drugs once that information becomes available to GSK, whether through GSK clinical trials, other outside sources or pharmaco-vigilance activities.  Specifically, when GSK learns, or should have learned, of new safety information associated with its marketed drugs, it has a duty to promptly disseminate that data to the public.  GSK also has a duty to monitor epidemiological and pharmaco-vigilance data regarding its marketed drugs and promptly report any safety concerns that arise through epidemiologic study or data.

30.     GSK breached its duty with respect to Plaintiffs.  GSK, through various sources, including but not limited to, clinical trials and other adverse event reports, learned that there was a substantial risk of  congenital birth defects, heart defects, PPHN and other related conditions, associated with Paxil use during pregnancy and failed to inform doctors, regulatory agencies and the public of this risk.  GSK had the means and the resources to perform its pharmaco-vigilance duties for the entire time Paxil has been on the market in the United States.

31.     The Infant Plaintiffs suffer from physical injuries, the full extent of which have not yet been determined, some or all of which are permanent and/or fatal, and the Infant Plaintiffs may suffer in the future from other diseases or conditions which have not yet been diagnosed.  As a direct and proximate result of the aforesaid conduct of GSK, the Infant Plaintiffs have sustained pecuniary

Case ID: 070903275
Control No.: 12050436
SC0080

loss resulting from the pain and suffering caused by their congenital birth defects, heart defects, PPHN and/or other related conditions, by the surgeries and procedures they have already undergone, and the surgeries and procedures that they will need to undergo in the future, as well as their inability to enjoy their life as a normal child without the presence of congenital birth defects, heart defects, PPHN and/or other related conditions and additional general and special damages in a sum in excess of the jurisdictional minimum of this Court.

32.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs have incurred loss of consortium, general, special and medical damages and related expenses in an amount in excess of the jurisdictional minimum of this Court.

33.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs of the Decedents have sustained pecuniary loss resulting from the loss of their child's society, companionship, comfort, attention, protection, care, love, affection, advice, services, moral support, economic support and general and special damages in a sum in excess of the jurisdictional minimum of this Court. As a further proximate result of GSK's conduct, the Parent Plaintiffs of the Decedents have incurred expenses for funeral, burial and other costs pertaining to their Decedent's death in an amount to be ascertained.

34.     As a direct and proximate result of the aforesaid conduct of GSK, the Decedents sustained pecuniary loss resulting from the pain and suffering from their congenital malformations and/or pulmonary conditions, by the surgeries and procedures they underwent between the time of their birth and their death and additional general and special damages in a sum in excess of the jurisdictional minimum of this Court.

35.     The forgoing actions of the Defendant were actions as described herein, were intentional, malicious, wanton, willful or oppressive or were done with gross negligence and reckless indifference to the Plaintiffs, and the public's safety and welfare.

Case ID: 070903275
Control No.: 12050436
SC0081

WHEREFORE, Plaintiffs demand judgment in their favor and against GSK for an amount in excess of $50,000.00, compensatory and punitive damages and costs of suit in an amount to be determined upon the trial of this matter.

## COUNT III

## STRICT LIABILITY

36.     Plaintiffs repeat and reiterate the allegations set forth above.

37.     GSK manufacturers and/or supplies Paxil and is strictly liable to Plaintiffs for designing, creating, manufacturing, marketing, labeling, distributing, selling and placing into the stream of commerce the product Paxil.

38.     The product Paxil, manufactured and/or supplied by GSK, was defective in design or formulation, in that, when it left the hands of the manufacture and/or supplier, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect and more dangerous than other antidepressants.

39.     The product, Paxil, that was manufactured and/or supplied by GSK, was defective in design or formulation in that, when it left the hands of the manufacturer and/or supplier, the foreseeable risks exceeded the benefits associated with the design or formulation.

40.     The product Paxil, manufactured and/or supplied by GSK, was defective due to inadequate warnings or instructions because the manufacturer knew or should have known that the product created, among other things, when taken during pregnancy, a significant increased risk of congenital birth defects, heart defects, PPHN and/or other related conditions and abnormal development of the unborn child and GSK failed to adequately warn of said risks.

41.     The Paxil that was manufactured and/or supplied by GSK was defective due to inadequate pre-market testing.

42.     The Paxil that was manufactured and/or supplied by GSK was defective due to GSK's failure to provide adequate initial warnings and post-marketing warnings or instruction after GSK knew or should have known of the risk of increased risk of congenital birth defects, heart

10

Case ID: 070903275

Control No.: 12050436

SC0082

defects, PPHN and/or other related conditions and abnormal development of the unborn child from the use of Paxil during pregnancy and continued to promote the product.

43.     The Infant Plaintiffs suffer from physical injuries, the full extent of which have not yet been determined, some or all of which are permanent and/or fatal, and the Infant Plaintiffs may suffer in the future from other diseases or conditions which have not yet been diagnosed. As a direct and proximate result of the aforesaid conduct of GSK, the Infant Plaintiffs have sustained in the past, and will sustain in the future, pain and suffering, mental anguish, embarrassment and humiliation, disfigurement and the loss of enjoyment of the pleasures of life without the presence of congenital birth defects, heart defects, PPHN and/or other related conditions, as well as past and future general and special damages, including future medical care and treatment, in a sum in excess of the jurisdictional minimum of this Court.

44.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs have incurred loss of consortium, general, special and medical damages and related expenses in an amount in excess of the jurisdictional minimum of this Court.

45.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs of the Decedents have sustained pecuniary loss resulting from the loss of their child's society, companionship, comfort, attention, protection, care, love, affection, advice, services, moral support, economic support and general and special damages in a sum in excess of the jurisdictional minimum of this Court. As a further proximate result of GSK's conduct, the Parent Plaintiffs of the Decedents have incurred expenses for funeral, burial and other costs pertaining to their Decedent's death in an amount to be ascertained.

46.     As a direct and proximate result of the aforesaid conduct of GSK, the Decedents sustained pecuniary loss resulting from the pain and suffering from their congenital malformations and/or pulmonary conditions, by the surgeries and procedures they underwent between the time of their birth and their death and additional general and special damages in a sum in excess of the jurisdictional minimum of this Court.

11

47.   The forgoing actions of GSK were intentional, malicious, wanton, willful or oppressive or were done with gross negligence and reckless indifference to the Plaintiffs, and the public's safety and welfare.

WHEREFORE, Plaintiffs demand judgment in their favor and against GSK for an amount in excess of $50,000.00, compensatory and punitive damages and costs of suit in an amount to be determined upon the trial of this matter.

### COUNT IV

### FAILURE TO WARN
**(Restatement Second of Torts §388)**

48.   Plaintiffs repeat and reiterate the allegations set forth above.

49.   At all times herein mentioned, Paxil was unsafe for use by pregnant women and GSK knew or should have known that said product was unsafe.

50.   At all times herein mentioned, using Paxil during pregnancy was associated with a significantly increased risk of serious congenital birth defects, heart defects, PPHN and/or other related conditions and GSK knew or should have known that said product is unsafe when taken during pregnancy because of the said effects.

51.   At all times hereinafter mentioned and before the Mother Plaintiffs' ingestion of Paxil during their pregnancy, neither members of the medical community nor members of the general public knew the dangers existed with respect to Paxil's association with congenital birth defects, heart defects, PPHN and/or other related conditions.

52.   The Mother Plaintiffs used Paxil in the manner in which GSK intended it to be used.

53.   The Mother Plaintiffs used or otherwise ingested Paxil in the amount and manner and for the purpose recommended by GSK.

54.   At all times material hereto, U.S.-marketed Paxil was not accompanied by complete and proper warnings for safe, informed use. Specifically, the labeling accompanying Paxil did not warn physicians in general, or Plaintiffs in particular, of the dangers inherent in its use, particularly of the drug's association with congenital birth defects, heart defects, PPHN and/or other related

12

Case ID: 070903275
Control No.: 12050436
SC0084

conditions. Further, the labeling failed to adequately inform physicians in general, or Plaintiffs in particular, of Paxil's association with a significantly increased risk of congenital birth defects, heart defects, PPHN and/or other related conditions if a woman ingests Paxil during her pregnancy and oversold Paxil's benefits, thus depriving physicians of necessary information needed to perform an adequate risk/benefit analysis. Furthermore, GSK failed to adequately warn doctors and the medical community of this dangerous risk using the other mediums at its disposal, including, but not limited to, medical journal articles, sales representatives, Dear Doctor letters, presentations, conferences, medical school information and all of its promotional material and activities.

55.     GSK promoted and maintained Paxil on the market with the knowledge of Paxil's unreasonable risk to the public in general and specifically to Plaintiffs.

56.     Paxil, as used by the Mother Plaintiffs during their pregnancy, was defective and unreasonably dangerous when sold by GSK, who is liable for the injuries arising from its manufacture and the Mother Plaintiffs' use.

57.     The Infant Plaintiffs suffer from physical injuries, the full extent of which have not yet been determined, some or all of which are permanent and/or fatal, and the Infant Plaintiffs may suffer in the future from other diseases or conditions which have not yet been diagnosed. As a direct and proximate result of the aforesaid conduct of GSK, the Infant Plaintiffs have sustained in the past and will sustain in the future, pain and suffering, mental anguish, embarrassment and humiliation, disfigurement and the loss of enjoyment of the pleasures of life without the presence of congenital birth defects, heart defects, PPHN and/or other related conditions, as well as past and future general and special damages, including future medical care and treatment, in a sum in excess of the jurisdictional minimum of this Court.

58.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs have incurred loss of consortium, general, special and medical damages and related expenses in an amount in excess of the jurisdictional minimum of this Court.

13

59.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs of the Decedents have sustained pecuniary loss resulting from the loss if their child's society, companionship, comfort, attention, protection, care, love, affection, advice, services, moral support, economic support and general and special damages in a sum in excess of the jurisdictional minimum of this Court. As a further proximate result of GSK's conduct, the Parent Plaintiffs of the Decedents have incurred expenses for funeral, burial and other costs pertaining to their Decedent's death in an amount to be ascertained.

60.     As a direct and proximate result of the aforesaid conduct of GSK, the Decedents sustained pecuniary loss resulting from the pain and suffering from their congenital malformations and/or pulmonary conditions, by the surgeries and procedures they underwent between the time of their birth and their death and additional general and special damages in a sum in excess of the jurisdictional minimum of this Court.

61.     The forgoing actions of the Defendant were actions as described herein, were intentional, malicious, wanton, willful or oppressive or were done with gross negligence and reckless indifference to the Plaintiffs and the public's safety and welfare.

WHEREFORE, Plaintiffs demand judgment in their favor and against GSK for an amount in excess of $50,000.00, compensatory and punitive damages and costs of suit in an amount to be determined upon the trial of this matter.

## COUNTS V& VI

## BREACH OF EXPRESS AND IMPLIED WARRANTY

62.     Plaintiffs repeat and reiterate the allegations set forth above.

63.     At all times hereinafter mentioned, upon information and belief, GSK, by directly and indirectly advertising, marketing and promoting Paxil for the treatment of women during pregnancy and by placing this drug in the stream of commerce knowing that Paxil would be prescribed to pregnant women in reliance upon the representations of GSK, expressly warranted to all foreseeable

14

users of the drug, including the Mother Plaintiffs, that Paxil was safe and effective for the treatment of women during pregnancy and without significant risk to the fetus.

64.    GSK impliedly warranted in manufacturing, distributing, selling, advertising, marketing and promoting Paxil to all foreseeable users, including the Mother Plaintiffs, that Paxil was safe and effective for the purposes for which it had been placed in the stream of commerce by GSK, including for the treatment of pregnant women, and that Paxil was reasonably safe, proper, merchantable and fit for the intended purpose, including for the treatment of pregnant women and without significant risk to the fetus.

65.    That at all time hereinafter mentioned, the Mother Plaintiffs relied upon the aforesaid express and implied warranties by GSK.

66.    That at all times hereinafter mentioned, the Mother Plaintiffs' use of Paxil was consistent with the purposes for which GSK directly and indirectly advertised, marketed and promoted Paxil, and the Mother Plaintiffs' use of Paxil was reasonably contemplated, intended, and foreseen by GSK at the time of the distribution and sale of Paxil by GSK, and, therefore, the Mother Plaintiffs' use of Paxil was within the scope of the above-described express and implied warranties.

67.    GSK breached the aforesaid express and implied warranties because Paxil was not safe and effective for the treatment of women during pregnancy because it exposed the developing fetus to a significant risk of serious injury, and because the Mother Plaintiffs' use of Paxil for treatment during her pregnancy caused their child's congenital birth defects, heart defects, PPHN and/or other related conditions.

68.    The Infant Plaintiffs suffer from physical injuries, the full extent of which have not yet been determined, some or all of which are permanent and/or fatal, and the Infant Plaintiffs may suffer in the future from other diseases or conditions which have not yet been diagnosed. As a direct and proximate result of the aforesaid conduct of GSK, the Infant Plaintiffs have sustained in the past, and will sustain in the future, pain and suffering, mental anguish, embarrassment and humiliation, disfigurement and the loss of enjoyment of the pleasures of life without the presence of congenital

15

birth defects, heart defects, PPHN and/or other related conditions, as well as past and future general and special damages, including future medical care and treatment, in a sum in excess of the jurisdictional minimum of this Court.

69.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs have incurred loss of consortium, general, special and medical damages and related expenses in an amount in excess of the jurisdictional minimum of this Court.

70.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs of the Decedents have sustained pecuniary loss resulting from the loss of their child's society, companionship, comfort, attention, protection, care, love, affection, advice, services, moral support, economic support, and general and special damages in a sum in excess of the jurisdictional minimum of this Court.  As a further proximate result of GSK's conduct, the Parent Plaintiffs of the Decedents have incurred expenses for funeral, burial and other costs pertaining to their Decedent's death in an amount to be ascertained.

71.     As a direct and proximate result of the aforesaid conduct of GSK, the Decedents sustained pecuniary loss resulting from the pain and suffering from their congenital malformations and/or pulmonary conditions, by the surgeries and procedures they underwent between the time of their birth and their death and additional general and special damages in a sum in excess of the jurisdictional minimum of this Court.

72.     The forgoing actions of GSK were intentional, malicious, wanton, willful or oppressive or were done with gross negligence and reckless indifference to the Plaintiffs and the public's safety and welfare.

WHEREFORE, for the above reasons, Plaintiffs demand judgment in their favor and against GSK for an amount in excess of $50,000.00, compensatory and punitive damages and costs of suit in an amount to be determined upon the trial of this matter.

/ / /

/ / /

16

## COUNT VII

## FRAUD

73.    Plaintiffs repeat and reiterate the allegations set forth above.

74.    GSK, having undertaken the manufacturing, marketing, dispensing, distribution and promotion of Paxil described herein, owed a duty to provide accurate and complete information regarding these products.

75.    GSK's advertising program, by affirmative misrepresentations and omissions, falsely and deceptively sought to create the image and impression that the use of Paxil was safe for human use; had no, or no unacceptable side effects; had fewer side effects than other antidepressants; and would not interfere with daily life.

76.    On information and belief, GSK purposefully concealed, failed to disclose, misstated, downplayed and understated the health hazards and risks associated with the use of Paxil. GSK through promotional literature, deceived potential users and prescribers of said drug by relying on only allegedly positive information, including testimonials from allegedly satisfied users, and manipulating statistics to suggest widespread acceptability, while concealing, misstating and downplaying the known adverse and serious health effects. GSK falsely and deceptively kept relevant information from potential Paxil users and minimized prescriber concerns regarding the safety and efficacy of Paxil.

77.    In particular, in the materials disseminated by GSK, GSK falsely and deceptively misrepresented or omitted a number of material facts regarding the previously stated allegations including, but not limited to, the following:

(a)    The presence and adequacy of testing of Paxil, and

(b)    The severity and frequency of adverse congenital birth defects, heart defects, PPHN and/or other related conditions caused by a mother taking Paxil during pregnancy.

17

78.     The aforementioned misrepresentations by GSK were reasonably relied upon by the Mother Plaintiffs and/or their prescribing physicians to their detriment.

79.     The Infant Plaintiffs suffer from physical injuries, the full extent of which have not yet been determined, some or all of which are permanent and/or fatal, and the Infant Plaintiffs may suffer in the future from other diseases or conditions which have not yet been diagnosed. As a direct and proximate result of the aforesaid conduct of GSK, the Infant Plaintiffs have sustained in the past, and will sustain in the future, pain and suffering, mental anguish, embarrassment and humiliation, disfigurement and the loss of enjoyment of the pleasures of life without the presence of congenital birth defects, heart defects, PPHN and/or other related conditions, as well as past and future general and special damages, including future medical care and treatment, in a sum in excess of the jurisdictional minimum of this Court.

.80.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs have incurred loss of consortium, general, special and medical damages and related expenses in an amount in excess of the jurisdictional minimum of this Court.

81.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs of the Decedents have sustained pecuniary loss resulting from the loss of their child's society, companionship, comfort, attention, protection, care, love, affection, advice, services, moral support, economic support and general and special damages in a sum in excess of the jurisdictional minimum of this Court. As a further proximate result of GSK's conduct, the Parent Plaintiffs of the Decedents have incurred expenses for funeral, burial and other costs pertaining to their Decedent's death in an amount to be ascertained.

82.     As a direct and proximate result of the aforesaid conduct of GSK, the Decedents sustained pecuniary loss resulting from the pain and suffering from their congenital malformations and/or pulmonary conditions, by the surgeries and procedures they underwent between the time of their birth and their death and additional general and special damages in a sum in excess of the jurisdictional minimum of this Court.

Case ID: 070903275

Control No.: 12050436

SC0090

83.     The forgoing actions of GSK were intentional, malicious, wanton, willful or oppressive or were done with gross negligence and reckless indifference to the Plaintiffs, and the public's safety and welfare.

WHEREFORE, Plaintiffs demand judgment in their favor and against GSK for an amount in excess of $50,000.00, compensatory and punitive damages and costs of suit in an amount to be determined upon the trial of this matter.

## COUNT VIII

## LOSS OF CONSORTIUM AND LOSS OF INCOME

84.     Plaintiffs repeat and reiterate the allegations set forth above.

85.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs have incurred loss of consortium, general, special and medical damages and related expenses in an amount in excess of the jurisdictional minimum of this Court.

86.     As a result of the wrongful conduct by GSK described herein, the Parent Plaintiffs of the Decedents suffered a loss of love, society, comfort, affection, companionship, services, and moral support in an amount to be determined at trial.   Furthermore, as a result of the wrongful conduct by GSK described herein, the Parent Plaintiffs suffered a loss of income in an amount to be determined at trial.

## COUNT IX

## CAUSE OF ACTION FOR SURVIVAL

87.     Plaintiffs repeat and reiterate the allegations set forth above.

88.     As a direct and proximate result of the wrongful conduct of GSK as described herein, the Parent Plaintiffs' of the Decedents children suffered great pain and suffering and other personal injury and damaged before their death.

89.     As a direct and proximate result of the conduct alleged herein, before their death, the Decedents sustained damages according to proof.

19

## COUNT X

## NEGLIGENT DESIGN

90.     Plaintiffs repeat and reiterate the allegations set forth above.

91.     GSK was the manufacturer, seller, distributor, marketer, and/or supplier of Paxil, which was negligently designed.

92.     GSK was negligent in developing, designing, processing, manufacturing, inspecting, testing, packaging, selling, distributing, supplying, marketing and promoting Paxil which was defective and presented an unreasonable risk of harm to consumers.  Paxil was negligently designed in ways which include, but are not limited to, one or more of the following:

    (a)     When placed in the stream of commerce, Paxil contained unreasonably dangerous design defects and was not reasonably safe and fit for its intended or reasonably foreseeable purpose or as intended to be used, thereby subjecting users and/or consumers of the drug, including Plaintiffs, to risks which exceeded the benefits of the drug;

    (b)     Paxil was insufficiently tested;

    (c)     Paxil caused harmful side effects that outweighed any potential utility;

    (d)     Paxil was not accompanied by adequate labeling, instructions for use and/or warnings to fully apprise the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiffs, of the potential risks and serious side effects associated with its use.

    (e)     In light of the potential and actual risk of harm associated with Paxil's use, a reasonable person who had actual knowledge of this potential and actual risk of harm would have concluded that Paxil should not have been marketed in that condition.

    (f)     GSK was under a duty to act for the protection of consumers, such as Plaintiffs.  GSK owed a duty to consumers to exercise reasonable care in

20

developing, designing, processing, manufacturing, inspecting, testing, packaging, selling, distributing, supplying, marketing and promoting Paxil, and defendant breached that duty by the conduct as alleged herein.

(g)     GSK knew or should have known that use of Paxil as intended imposed unreasonable risks to the health of consumers and the unborn fetuses of pregnant consumers. GSK knew of the grave risks caused by their products from investigation and testing performed by themselves or others, or, to the extent they did not fully know of those risks, it was because they unreasonably failed to perform appropriate, adequate and proper investigations and tests that would have disclosed those risks.

(h)     GSK's conduct described above was grossly negligent in that their actions involved willful and reckless conduct and were carried out with disregard for the unreasonable risk of Paxil and its potential for harm to consumers and the fetuses of pregnant consumers.

93.     The Infant Plaintiffs suffer from physical injuries, the full extent of which have not yet been determined, some or all of which are permanent and/or fatal, and the Infant Plaintiffs may suffer in the future from other diseases or conditions which have not yet been diagnosed. As a direct and proximate result of the aforesaid conduct of GSK, the Infant Plaintiffs have sustained in the past, and will sustain in the future, pain and suffering, mental anguish, embarrassment and humiliation, disfigurement and the loss of enjoyment of the pleasures of life without the presence of congenital birth defects, heart defects, PPHN and/or other related conditions, as well as past and future general and special damages, including future medical care and treatment, in a sum in excess of the jurisdictional minimum of this Court.

94.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs have incurred loss of consortium, general, special and medical damages and related expenses in an amount in excess of the jurisdictional minimum of this Court.

21

95.     As a direct and proximate result of the aforesaid conduct of GSK, the Parent Plaintiffs of the Decedents have sustained pecuniary loss resulting from the loss of their child's society, companionship, comfort, attention, protection, care, love, affection, advice, services, moral support, economic support and general and special damages in a sum in excess of the jurisdictional minimum of this Court. As a further proximate result of GSK's conduct, the Parent Plaintiffs of the Decedents have incurred expenses for funeral, burial, and other costs pertaining to their Decedent's death in an amount to be ascertained.

96.     As a direct and proximate result of the aforesaid conduct of GSK, the Decedents sustained pecuniary loss resulting from the pain and suffering from their congenital malformations and/or pulmonary conditions, by the surgeries and procedures they underwent between the time of their birth and their death and additional general and special damages in a sum in excess of the jurisdictional minimum of this Court.

97.     The forgoing actions of GSK were actions as described herein, were intentional, malicious, wanton, willful or oppressive or were done with gross negligence and reckless indifference to the Plaintiffs and the public's safety and welfare.

WHEREFORE, Plaintiffs demand judgment in their favor and against GSK for an amount in excess of $50,000.00, compensatory and punitive damages and costs of suit in an amount to be determined upon the trial of this matter.

## COUNT XI

## WRONGFUL DEATH

98.     Plaintiffs repeat and reiterate the allegations set forth above.

99.     As a direct and proximate result of the aforesaid, because of their mothers' ingestion of Paxil during their pregnancy, the Decedents developed congenital birth defects, heart defects, PPHN and/or other related conditions which caused extreme pain, suffering and mental anguish and ultimately caused their death.

22

100.    As a direct and proximate result of the aforesaid conduct of GSK, the Decedents sustained pecuniary loss resulting from the pain and suffering from their congenital malformations and/or pulmonary conditions, by the surgeries and procedures they underwent between the time of their birth and their death and additional general and special damages in a sum in excess of the jurisdictional minimum of this Court.

101.    The forgoing actions of GSK were actions as described herein, were intentional, malicious, wanton, willful or oppressive or were done with gross negligence and reckless indifference to the Plaintiffs, and the public's safety and welfare.

WHEREFORE, Plaintiffs demand judgment in their favor and against GSK for an amount in excess of $50,000.00, compensatory and punitive damages and costs of suit in an amount to be determined upon the trial of this matter.

## COUNT XII

## DAMAGES

102.    Plaintiffs repeat and reiterate the allegations set forth above.

103.    As a direct and proximate result of the negligence, strict liability, failure to warn, implied warranty, breach of express and implied warranties, fraud, as described in Counts I-XI *supra*, the Infant Plaintiffs suffer from physical injuries, the full extent of which have not yet been determined, some or all of which are permanent and/or fatal, and the Infant Plaintiffs may suffer in the future from other diseases or conditions which have not yet been diagnosed.  As a direct and proximate result of the aforesaid conduct of GSK, the Infant Plaintiffs have sustained in the past, and will sustain in the future, pain and suffering, mental anguish, embarrassment and humiliation, disfigurement and the loss of enjoyment of the pleasures of life without the presence of congenital birth defects, heart defects, PPHN and/or other related conditions, as set forth in each Plaintiff's "Short-Form" Complaint to be filed.

104.    As a direct and proximate result of the aforesaid, Plaintiffs were obliged to spend various sums of money to treat their congenital birth defects, heart defects, PPHN and/or other

23

related conditions and Plaintiffs continue to be obliged for the expenses of same, as a direct and proximate result of the aforesaid, Plaintiffs have sustained a loss of earnings and earning capacity; and as a direct and proximate result of the aforesaid, the Infant Plaintiffs' enjoyment of life has been impaired and the Infant Plaintiffs' life expectancies shortened, all to Plaintiffs' great loss.

105.    As a direct and proximate result of the aforesaid, the Infant Plaintiffs have undergone great physical pain and mental anguish.

106.    As a direct and proximate result of the aforesaid, the Decedents sustained great physical pain and mental anguish as a result of their congenital birth defects, heart defects, PPHN and/or other related conditions and the surgeries and procedures they underwent between the time of their birth and their death in an attempt to treat those defects and/or conditions.

107.    As a direct and proximate result of the aforesaid, and since the Plaintiffs first learned of the Infant Plaintiffs injuries, Plaintiffs have developed severe anxiety, hysteria or phobias, and or all of which have developed into a reasonable and traumatic fear of an increased risk of additional injury and or progression of the existing conditions(s).

108.    As a direct and proximate result of the aforesaid, Plaintiffs have and will continue to suffer permanent and ongoing psychological damage which may require future psychological and or medical treatment.

109.    As a direct and proximate result of the aforesaid, Plaintiffs have and will continue to suffer a disintegrations and deterioration of the family unit and the relationships existing therein, resulting in enhanced anguish, depression and other symptoms of psychological stress and disorder.

110.    As a direct and proximate result of the aforesaid, the Decedents and the Injured Plaintiffs incurred and will continue to incur hospital, nursing and medical expenses. Decedents' beneficiaries have incurred hospital, medical and funeral expenses as a result of Decedents' deaths. The Plaintiff Parents of the Decedents' bring these claims as the Personal Representatives of the Estates of the Decedents on behalf of the Decedents' lawful beneficiaries for the damages and pecuniary losses sustained by said beneficiaries.

24

Case ID: 070903275
Control No.: 12050436
SC0096

## COUNT XII

## PUNITIVE DAMAGES

111.    Plaintiffs repeat and reiterate the allegations set forth above.

112.    The Plaintiffs are entitled to punitive damages because GSK's failure to warn was reckless and without regard for the public's safety and welfare.  GSK misled both the medical community and the public at large, including the Plaintiffs herein, by making false representations about the safety of Paxil.  GSK downplayed, understated and/or disregarded its knowledge of the serious effects of taking Paxil during pregnancy despite available information demonstrating that Paxil was likely to cause serious and sometimes fatal congenital birth defects, heart defects, PPHN and/or other related conditions in unborn children when taken during pregnancy.

113.    GSK was or should have been in the possession of evidence demonstrating that Paxil caused congenital birth defects, heart defects, PPHN and/or other related conditions in unborn children when taken during pregnancy.  Nevertheless, it continued to market the products by providing false and misleading information with regard to safety and efficacy.

114.    GSK's above described actions were performed willfully, intentionally and with reckless disregard for the rights of Plaintiffs and the public.

115.    Accordingly, Plaintiffs seek and are entitled to punitive or exemplary damages in an amount to be determined at trial.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against GSK as follows:

A.    For general damages in a sum exceeding this court's jurisdictional minimum;

B.    For damages for loss of consortium;

C.    For reasonable medical expenses according to proof;

D.    For all damages as allowed by law;

E.    For prejudgment interest and post-judgment interest as allowed by law;

F.    For delay damages pursuant to Pa. R.C.P. No. 238;

Case ID: 070903275
Control No.: 12050436
SC0097

G.     For punitive and exemplary damages as allowed by law;

H.     For the costs of suit herein incurred; and

I.     For such other and further relief as this Court may deem just and proper.


Dated: March _5_, 2007                    Respectfully Submitted,

_Cara J. Luther_

Cara Luther (P.S.B. #52545)
cluther@baumhedlundlaw.com
BAUM + HEDLUND, A Professional Corporation
1500 Market Street, 12th Floor, East Tower
Philadelphia, PA 19102
Telephone: 215.665.5659
Facsimile:  215.569.8228

Ronald L. M. Goldman, Esq.
rgoldman@baumhedlundlaw.com
Karen Barth Menzies, Esq.
kbmenzies@baumhedlundlaw.com
Jennifer R. Liakos, Esq.
jliakos@baumhedlundlaw.com
BAUM + HEDLUND, A Professional Corporation
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Telephone: 310.207.3233
Facsimile: 310.207.4204

Clayton Clark, Esq.
Riley Burnett, Esq.
CLARK BURNETT, LLP
440 Louisiana (Lyric Center), 16th Floor
Houston, TX 77002
Telephone: 713.757.1400
Facsimile: 713.759.1217

Bryan Aylstock Esq.
AYLSTOCK, WITKIN & SASSER, P.L.C
4400 Bayau Blvd., Suite 58
Pensacola, FL 32503
Telephone: 281.272.0781
Facsimile: 850.916.7449

26

Case ID: 070903275

Control No.: 12050436

SC0098

John T. Boundas, Esq.
jboundas@williamsbailey.com
WILLLIAMS BAILEY, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5051
Phone: 1-800-220-9341 or 713-230-2200
Fax: 713-643-6226

Matthew E. Lundy
mlundy@lundydavis.com
LUNDY & DAVIS, L.L.P.
333 N. Sam Houston Parkway East, Suite 375
Houston, TX 77060
Phone: (281) 272-0797
Fax: (281) 272-0781

*Attorneys for Plaintiff*

Case ID: 070903275

Control No.: 12050436
SC0099

### JURY TRIAL DEMAND

Plaintiffs herein invoke their right to a trial by a jury of 12 persons.

Dated: March  5 , 2007

Respectfully Submitted,

_Cara J. Luther_

Cara J. Luther, Esq.

28

## ATTORNEY'S VERIFICATION

I, Cara J. Luther, Esq., hereby state:

1.    I am one of the Plaintiffs' attorneys in this action.

4.    I verify that the statements made in the foregoing Master Long-Form Complaint are true and correct to the best of my knowledge, information and belief; and

5.    I understand that the statements in said Complaint are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: March 5, 2007

**Cara J. Luther, Esquire**
Attorney ID # 52545
Baum ♦ Hedlund, A Professional Corporation
1500 Market Street, 12th Floor, East Tower
Philadelphia, Pennsylvania 19102
Telephone: 215.665.5659
Facsimile: 215.569.8228

**Attorney for Plaintiffs**

29

Case ID: 070903275
Control No.: 12050436
SC0101